SCHULENBURG v. MEMPHIS, CARTHAGE & NORTHWESTERN R. R. Co., *Appellant*.

**Railroad**: MECHANIC'S LIEN. Prior to the act of March 21st, 1873, (Acts 1873, p. 58,) a strip of land granted to a railroad company for a right of way could not be subjected to a mechanic's lien. It was not the design of the mechanic's lien law (2 Wag. Stat., p. 907), to allow a railroad to be sold out in detached parcels.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS. Judge.

*Harding & Buler* and *R. E. Rombauer* for appellant.

The appellant did not possess the power to subject the land to the lien of a mechanic or material man. It had, in and over the land, a mere right of way for its railroad, and could only use the land for the purposes of the grant. *Proprietors v. Nashua & Lowell. R. R. Co.*, 104 Mass. 1; *San Francisco v. Calderwood*, 31 Cal. 585; *Warren v. Lyons City*, 22 Iowa 351; Washb. on Easm. & Serv. p. 1, clause 12. Such right of way is not vendible on execution, and, therefore, cannot be subjected to the lien of a mechanic; because the only way to enforce such lien is by execution sale. Angell on Highways, p. 411; Phil. on Mech. Lien, Sec. 179; *Foster v. Fowler*, 60 Penn. 27; *Williams v. Controllers*, 18 Penn. 275; *Poillon v. Mayor of New York*, 47 N. Y. 666; *Plymouth R. R. Co. v. Colwell*, 39 Pa. Stat. 337; *Ammant v. Turnpike Co.*, 13 Serg. & R. 210; *Coe v. Columbus, P. & I. R. R. Co.*, 10 Ohio Stat. 372; *Gue v. Tide Water Canal Co.*, 24 How. 257. No lien can be enforced against land where there is no improvement on the land, against which it can be enforced. *Holtzhour v. Meer*, 59 Mo. 436; *Wigton v. Brook's Appeal*, 28 Penn. 161; *Presbyterian Church v. Stettler*, 26 Penn. 246. If the land inclosed the road-bed and track of appellant, then the lien could not be enforced, even if the fee of the land was in the appellant. *Dunn v.*

*North Mo. R. R.,* 24 Mo. 493 ; *McPheeters v. Merrimac Bridge Co.,* 28 Mo. 465.

*W. H. Phelps* for respondent.

NAPTON, J.—The following is the agreed state of facts in this case : " It was proved and admitted, at the trial of the case at the September term of the Jasper circuit court, that defendant bought of plaintiff the lumber mentioned in plaintiff's petition for the price stated in the account; that the lumber with which the freight depot at Carthage station, on said railroad, was built, was a part of the lumber so bought of plaintiff for that purpose, the whole being a large bill of lumber bought to build a passenger depot and a freight depot at that station ; that said freight depot was situated on the land and lots mentioned in plaintiff's petition, between the main track and the switch or side track of said railroad, immediately adjoining and up to said track, and on the one hundred feet strip of land granted to said railroad company as a right of way for said railroad by the North Carthage Land Company ; that plaintiff filed his lien and commenced his suit within the time required by law; that said freight depot had been burned down and destroyed after suit was brought, but before trial of the cause." The verdict and judgment were for the plaintiff. It will be observed that the suit was commenced prior to the act of March 21st, 1873, entitled " an act to protect contractors, sub-contractors and laborers in their claims against railroad companies or corporations," &c. This act is somewhat obscure, and sections 2, 11 and 12 may admit of different interpretations, as to the extent of the lien. It is not necessary in this case to determine whether it was the intention of the act to allow sales of detached portions of a railroad, or to require the entire road to be sold on any and every lien enforced under its provisions. It is sufficient to say that the present suit was brought before this enactment, and

although not tried till 1875, the provisions of this law of 1873 were not complied with. So that this case is to be determined by the general law in regard to mechanic's liens.

In the case of *Dunn v. N. M. R. R.*, 24 Mo. 493, the court evidently regarded it against the policy of the State to allow detached portions of a railroad to be sold under an execution or a judgment enforcing a mechanic's lien. Most of the railroads then, perhaps all, (1857) were State roads, or at least materially aided by State funds, and the court repudiated the idea that the public interest in them could be sacrificed at the instance of an individual. In *McPheeters v. Merrimac Bridge Co.*, (28 Mo. 467,) the same position is reasserted, and it is declared that where the "interest which the proprietors of a railroad have in the soil over which it passes, is merely an easement or right of passing and transporting trains, persons and things over the land of another, it cannot be sold, assigned or taken on execution." The declaration of Judge Scott, in the cases cited, is not by any means a novelty, but is supported by elementary writers and judicial decisions of other courts. In *Proprietors, &c. v. N. & L. R. R. Co.*, (104 Mass. 9,) the court say that when a railroad company acquires only a right of way "it is not a fee, nor a freehold estate, but an easement only, not a corporeal interest, but an incorporeal right." Here the agreed case is that a 100 feet strip was granted by the Carthage Land Company as a right of way for the defendant. How such an interest could be available to a purchaser is not apparent. If, under the act of 1873, it is designed to sell out the franchise, the objection would not arise. In the present case it is admitted that the depot was burned down before the suit was tried, though not before it was commenced. In Pennsylvania it seems to be decided that, as the lien on the land is incidental to the lien on the house built on it, if the house is destroyed by fire or otherwise, the lien on the land is gone, *Wigton v. Brook's Appeal*, 28 Pa. St. 161, and our

court seems to have entertained a similar view. *Holzhour et al. v. Meer et. al.*, 59 Mo. 436. The point, however, is not important in this case. Whether the destruction of a building on which a lien is claimed would abolish the lien is a point not arising in this case, and it is, therefore, left for future adjudication. But we conclude that the judgment of the circuit court must be reversed upon the ground that this land was not subject to a lien. The second section of the Railroad Corporation Act, 1 Wag. Stat., 297, provided that such corporation shall have power to "hold such voluntary grant of real estate and other property as shall be made to it in aid of the construction, maintenance and accommodation of its railroads, but the real estate secured by voluntary grant shall be held and used for the purposes of such grant only." It would seem that the general purpose of our statutes, as well as the construction of them by this court, would indicate that the mechanics' lien act was not designed to allow a railroad to be sold out in detached parcels The judgment of the circuit court is, therefore, reversed. The other judges concur.

REVERSED.