St. Louis Bridge & Construction Co. v. Memphis, Carthage & Northwestern R. R. Co.

THE ST. LOUIS BRIDGE & CONSTRUCTION COMPANY, *Appellant,*
v. THE MEMPHIS, CARTHAGE & NORTHWESTERN RAILROAD
COMPANY.

1.  **Railroad**: MECHANIC'S LIEN FOR WORK DONE, ETC., OUTSIDE OF THE
    STATE. There is nothing in the act in relation to mechanic's liens
    on railroads, (R. S., § 3200,) restricting the right to a lien to those
    who perform work or furnish materials within the limits of this
    State. If part of a railroad lies within and part without this State,
    a lien may be enforced against that part within the State, though
    the work was done or materials furnished on the part without.

2.  ———— : MECHANIC'S LIEN : NEGLECT OF DUTY BY CLERK OF THE COURT.
    Failure of the clerk of the circuit court to forward to the Secretary
    of State a copy of an account filed for a mechanic's lien against a
    railroad, as required by section 3203, Revised Statutes, will not de-
    feat the lien.

3.  **Practice in the Supreme Court**: APPEAL. Objection to the suf-
    ficiency of an affidavit for appeal must be taken by motion to dismiss
    before the case is submitted on its merits. After submission this
    court will not go behind the order granting the appeal to determine
    whether the affidavit is sufficient or whether any affidavit whatever
    was filed.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS,
Judge.

REVERSED.

*Joseph Dickson* for appellant.

*H. H. Harding* for respondent.

HENRY, J.—The petition alleged in substance, that the
plaintiff and defendant are corporations, duly incorporated
under the laws of this State, the latter for the purpose of
building and operating a railroad from the town of Pierce
City, in Lawrence county, Missouri, westwardly to the
boundary line of the state of Kansas, and thence toward
Oswego, in that state, through the county of Cherokee,
Kansas; that at the several times hereinafter mentioned,
said defendant owned and still owns a railroad running

through the several counties along its route as located, etc., together with a road-bed and right of way, 100 feet wide, the whole length of its line, and divers station houses, depots, bridges, etc.; that, at the city of St. Louis, in this State, on the 13th day of September, 1873, a written agreement was made between the parties, by which plaintiff undertook to furnish all the material, and construct for defendant a "Howe Truss Bridge" over Spring river, on the line of said road, in the county of Cherokee, and State of Kansas, at a price agreed upon, $9,450, to be paid on completion of said bridge; that said work was commenced on the 14th day of September, 1873, and completed on the 3rd day of November, 1873; that there is a balance of said contract price of $7,750, with interest, due and unpaid. The petition proceeds to state the various steps taken by plaintiff to establish a lien upon the property above described, which were such as were required by the act approved March 21st, 1873, and asks judgment for said balance, with interest, and that plaintiff be adjudged to have a lien therefor upon said railroad, its road-bed, right of way and all station houses, depots, bridges, locomotive engines, cars, coaches, iron rails and wooden ties put down and fastened upon its road-bed, and all of its other real estate and improvements upon and along its said railroad in all the several counties in the State through which it passes, and for a special *fieri facias* for the enforcement of its judgment against all the said property of defendant. The court sustained a demurrer to the petition, and from the judgment plaintiff appealed.

The point made by respondent's counsel is, that the proceeding is to establish and enforce a lien upon property
1. RAILROAD: mechanic's lien for work done, etc., outside of the state.
in this State for a debt incurred by defendant in building a bridge in the state of Kansas, and asks "how could a corporation in this State have a franchise to build a road in Kansas, without the laws of Kansas governing as to remedies, liens," etc.? There is nothing in the constitution of this State, or the

constitution of the United States, which prohibits the legislature of this State from giving, even a creditor in Kansas, a lien for his debt upon the property of his debtor in Missouri, whether the debtor be a resident of Kansas or of this State. Certainly it is within the power of our general assembly to give a mechanic residing in this State, for work done or materials furnished in the state of Kansas a lien upon the real estate owned by the debtor in this State. The propriety of such legislation is another matter, with which we have no concern. By the first section of the act of March 21st, 1873, (R. S., § 3200 :) "All persons who shall do any work or labor in constructing or improving the road-bed, etc., of any railroad company incorporated under the laws of this State, or owning or operating a railroad within this State, and all persons who shall furnish ties, fuel, bridges,    *    *    to such railroad company, shall have    *    *    a lien upon the road-bed, station houses, depots, bridges, rolling stock, real estate and improvements of such railroad, upon complying with the provisions hereinafter mentioned; provided such work and labor is performed and such materials are furnished, under and in pursuance of a contract with such railroad company, its agents, contractors, sub-contractors, lessees, trustees or construction company organized for the uses and purposes of such railroad company, or having in charge the building, construction or improvement of such railroad, or any part thereof." It is alleged in the petition that the defendant corporation has continued its road from the western line of this State into the state of Kansas, and through the county of Cherokee, in said state, and over Spring river, in said county ; that the railroad of defendant is a continuous road from Pierce City, in this State, to and beyond the bridge in question, in the state of Kansas ; that the contract for this bridge was made by the defendant with the plaintiff. The statute is express, that whoever shall furnish ties, fuel, bridges, etc., to a railroad company, under a contract with said company, shall have the lien

specified.   There is nothing in the act to restrict this right to a lien to those who perform work on or furnish materials for that part of the road lying in this State.   The petition alleges that the defendant company owns and operates the road in Kansas.   By what authority, is not shown, nor was it necessary to allege.   If the allegation is not true, and is material, the defendant must put it in issue by answer.

The only alleged failure of the petition to state a compliance by plaintiff with the act of 1873, in its requirement of certain steps to be taken by plaintiff to secure a lien, is the omission of an allegation that a true copy of said account and lien, within five days after it was filed in the clerk's office, was forwarded to the Secretary of State.   This, by section 4, is a duty imposed upon the clerk, and section 5 requires the Secretary of State to keep an abstract of such accounts in a book to be by him kept for that purpose.   These requirements are not essential to the establishment of the lien.   If they were, it would be in the power of either the clerk or the Secretary of State, to defeat the lien, by failing to discharge his duty.   The object of these sections is to provide one convenient place where all persons dealing with the company may ascertain the amount of indebtedness with which the road is incumbered by mechanics' liens.   Otherwise, it would be necessary for that purpose to inquire at the clerk's office of every county through which the road runs.   The lien is established by a compliance with the other requirements of the statute, and while, as against the company sought to be charged, the failure of the clerk of the circuit court, or the Secretary of State, to perform the duties imposed upon them respectively, would not defeat the lien, it might raise a question of priority between that and a subsequent lien upon the property, on which we express no opinion.

The respondent is in error as to the prayer and object of the petition.   It is not to sell the section of the road

2. ———: mechanic's lien: neglect of duty by clerk of the court.

in Jasper county, but all of the road, depots, etc., in this State, and that is the extent of the lien; and sections 11 and 12 provide: Section 11. That when the defendant has not been served with a summons, etc., and has not appeared to the action, but has been lawfully notified by publication, the judgment, if for plaintiff, shall be that he recover the amount of indebtedness found due, and costs, to be levied out of the property charged with said lien, which shall be correctly described in said judgment. Section 12 provides for a personal judgment as in ordinary cases, where there has been legal service, or defendant has appeared, with the addition, that if no sufficient property of defendant be found to satisfy it, a special *fieri facias* is to be issued, under the 13th section, in conformity with the judgment   There is no ambiguity in these sections, and the ambiguity, if any, is in the section which gives the lien.

Another point made by respondent is, that no sufficient affidavit for an appeal was made in the court below. 3. PRACTICE IN THE SUPREME COURT: appeal. The affidavit, instead of stating that " affiant believes that the appellant is aggrieved by the judgment," says "that plaintiff feels aggrieved." If the affidavit were not such as to warrant the order granting the appeal, the respondent should have made his motion to dismiss the appeal before it was submitted. . We will not, after a submission of the cause on its merits, go behind the order granting the appeal, to determine the sufficiency of the affidavit on which it was made, or whether any affidavit whatever was filed. The judgment is reversed and the cause remanded, all concurring.