KNAPP *et al.*, *Appellants*, v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY

**Railroads**: MECHANIC'S LIENS AGAINST. Under the act of March 21st, 1873, embodied in sections 3200 to 3216, inclusive, of the Revised Statutes of 1879, a lien for labor and materials cannot be enforced against that portion or section of a railroad only for which they were furnished. The lien is against the whole road, and the whole must be sold. It is otherwise, however, as to the rolling stock and other movable property. While all of these are subject to the lien, only so much of them need be sold as may be necessary to satisfy the judgment.

*Appeal from St. Louis Court of Appeals.*—The case is reported in 6 Mo. App. 205.

AFFIRMED.

*G. M. Stewart* for appellants.

The statute in question, on any of the questions in-

volved, has never been construed by this court. *Schulen-burg v. R. R. Co.*, 67 Mo. 442, was a case arising under another statute, and in *St. Louis Bridge & Construction Co. v. R. R. Co.*, 72 Mo. 664, none of these questions were in controversy. It was held in *Dunn v. R. R. Co.*, 24 Mo. 493, and *McPheeters v. Bridge Co.*, 28 Mo. 465, that the mechanic's lien laws then in force did not apply to railroad bridges, and reasons founded on public policy were given for these decisions. The statute approved March 21st, 1873, is not only an entire innovation upon the laws of Missouri, but is far more comprehensive than any similar statutory enactment of any sister state which has come to our notice. It was the intention of the legislature to sweep away all distinctions which had before that time been made between railroad and other property, and to give the parties named in the act the full benefit of a lien to the same extent as if they were seeking it against a private individual. This act is entirely new, and is complete in itself. The remedies and reliefs provided are such as were heretofore unknown in this State, and every step necessary to be taken in order to establish and secure them is found in the act. In construing it the purpose of the legislature must be sought, and, if possible, such effect given to it as a whole, as to cause it to furnish the remedies and reliefs intended, without unnecessary inconvenience. Bac. Ab., (Bouv. Ed.) p. 246; *People v. Ins. Co.*, 15 Johns. 358, 380; *Fanny v. State*, 6 Mo. 142; 9 Bac. Ab., (Bouv. Ed.) 238; *Neenan v. Smith*, 50 Mo. 525; *U. S. v. Fisher*, 2 Cranch 358, 386; Phillips' Mechanics' Lien, p. 22; *Oster v. Rabeneau*, 46 Mo. 595; *Putnam v. Ross*, 46 Mo. 337. If, in filing a lien against a railroad, it is absolutely necessary to include all of its road-bed, the same rule of construction would require the lien to include its "station houses, depots, bridges, rolling-stock," etc. The absolute absence of the necessity for such a proceeding in every case, as well as the apparent hardship of it to both parties in a large majority of cases, would forbid the court to give it such a

construction. The act is susceptible of one more reasonable and less inconvenient. *Canal Co. v. Gordon,* 6 Wall. 561.

*Wells H. Blodgett* for respondent.

A lien cannot be enforced against a section or portion of a railroad. *Cox v. R. R. Co.,* 44 Cal. 18. A railroad, if made subject to execution sale at all, cannot be cut up into parcels and sold at different sales. Such sales would defeat the purposes of the law in reference to such enterprises. *Macon, etc., R. R. Co. v. Parker,* 9 Ga. 377; Rorer on Judicial Sales, § 1070, p. 345 ; *Winchester v. Turnpike Road Co.,* 5 B. Mon. 1; *Dunn v. R. R. Co.,* 24 Mo. 493. The statute under which this action was instituted, requires the lien to be filed against the whole road, not against a particular section or portion of it. It provides that the lien shall attach to the road-bed, etc., of such railroad : that the lien may be filed in any county through which the railroad may run ; the account filed must state the name of the railroad against which the lien is intended to apply ; the circuit clerk is required to file copies of all liens and judgments in the office of the secretary of State, and the secretary is required to keep an abstract book so arranged and indexed as to show the names of all parties claiming liens, the amount claimed by each, and the railroad to which the same applies. Acts 1873, p. 59. A railroad with its depots, bridges and other appurtenances, is no less an entirety than a dwelling-house, with its kitchen, its chimneys and its door-steps ; and yet, no one has ever supposed that a mechanic's lien could be enforced against the door-steps or chimneys of a dwelling-house, or that they could be sold and removed, to the utter destruction of the whole property.

HOUGH, J.—This was a suit to enforce a lien against the road-bed and the buildings, erections and improvements on the defendant's railroad, from a point on the line

of said road known as Ferguson Station, in St. Louis county, to Rock Springs in said county, for lumber alleged to have been furnished to and used by defendant's contractor, in the construction of defendant's road-bed between the points above mentioned. It is admitted by the pleadings that the defendant owned and operated a railway extending from St. Louis to Kansas City, and from Moberly, in Randolph county, to the Iowa state line, and that it constructed a branch, or extension of its road, from a point on its main line known as Ferguson Station, to the union depot in the city of St. Louis, and that the lien was filed against a portion only of said branch.

The only question which it is necessary for us to determine is, whether, under the act of March 21st, 1873, now embodied in sections 3200 to 3216 of the Revised Statutes, giving liens upon railroads for labor and materials furnished for their construction, a lien can be filed against that portion of the road, only, for which the labor and materials were furnished. Section 3200 is as follows : "All persons who shall do any work or labor in constructing or improving the road-bed, rolling-stock, station-houses, depots, bridges or culverts, of any railroad company incorporated under the laws of this State, or owning or operating a railroad within this State, and all persons who shall furnish ties, fuel, bridges or materials to such railroad company, shall have, for the work done and labor performed, and for the materials furnished, a lien upon the road-bed, station-houses, depots, bridges, rolling-stock, real estate and improvements of such railroad, upon complying with the provisions hereinafter mentioned ; *Provided*, such work and labor is performed, and such materials are furnished, under and in pursuance of a contract with such railroad company, its agents, contractors, sub-contractors, lessees, trustees or construction company, organized for the uses and purposes of such railroad company, or having in charge the building, construction or improvement of such railroad or any part thereof." Section 3202 provides that all per-

sons claiming the benefit of a lien shall file in the office of the circuit clerk of any county through which said railroad is located, an account stating the amount due, general nature of the work performed or material furnished, giving time and place and the name of the party with whom the contract was made, " and also the name of the railroad against which said lien is intended to apply."

It has been several times declared by this court to be against public policy to permit detached portions of a railroad to be sold under an ordinary execution, or under a judgment enforcing a mechanic's lien. *Dunn v. N. M. R. R. Co.*, 24 Mo. 493 ; *McPheeters v. Merimac Bridge Co.*, 28 Mo. 467 ; *Schulenburg v. M. C. & N. W. R'y Co.*, 67 Mo. 442. In the case of the *St. Louis Bridge & Construction Co. v. Memphis, C. & N. W. R'y Co.*, 72 Mo. 664, the question now before us was not discussed, but it was taken for granted that the lien extended to the whole of the road lying within this State, and so stated. In *Schulenburg v. M. C. & N. W. R'y Co., supra*, the act now under consideration was adverted to, but not construed, as the lien sought to be enforced in that case was based upon the general law in relation to mechanics' liens ; but the views of this court previously expressed against the policy of permitting a railroad to be sold out in detached parcels, were distinctly re-asserted.

We are not of opinion, as is strenuously contended by plaintiff's counsel, that a change of policy in this regard was contemplated by the legislature in the passage of the act of March 21st, 1873. On the contrary, we are of opinion that the spirit of the entire act, and the very language of the sections above cited, indicate a purpose to adhere to the rule previously announced by this court, prohibiting the sale of railroads, by sections, under execution. It will be observed by reference to the general law in regard to mechanics' liens, that in order to fix a lien upon any property under that act, it is essential to give " a true description of the property, or so near as to identify the same

upon which the lien is intended to apply," while under section 3202 cited above, it is not necessary to describe the property sought to be charged with the lien, but only to state " the name of the railroad against which said lien is. intended to apply," and under the provisions of section 3200 the lien will then attach to the road bed, station-houses, depots, bridges, rolling-stock, real estate and improvements of such railroad. The requirement of the statute that the name of the railroad, against which the lien is filed, shall alone be stated, is, of itself, sufficient to show that it was the purpose of the legislature to. make every lien apply to the whole property of the road mentioned in the first section of the act. But there are other provisions equally conclusive of such intention. By section 3202 it is provided that the account may be filed in the office of the circuit clerk of any county through which the railroad is located, regardless of the place where the labor was performed or the materials furnished; and by section 3203 it is made the duty of such clerk to forward to the secretary of State a true copy of said accounts and liens and of any judgments rendered thereon; and by section 3204 it is made the duty of the secretary of State to keep an abstract of all such accounts and liens so arranged and indexed as to show in a convenient form the names of all parties claiming liens, the amount claimed by each, and " the railroad to which the same applies." These provisions are, we think, wholly inconsistent with the idea that a lien can be fixed upon such portions, only, of the road-bed of the company as are constructed or improved.

It does not follow, however, from the fact that the lien attaches to all the rolling-stock of the railroad, as well as. the entire road-bed, that there must be a sale of the whole rolling-stock of the road under a judgment enforcing a. lien against such road. While the road-bed must be sold as an entirety, if sold at all, the rolling-stock and other movable property of the road may be sold in such quantities as may be necessary to satisfy the judgment. This:

distinction is specifically made in section 16, article 12 of the constitution of 1875, which is as follows: "The rolling-stock and all other movable property belonging to any railroad company or corporation in this State, shall be considered personal property, and shall be liable to execution and sale in the same manner as the personal property of individuals; and the general assembly shall pass no law exempting any such property from execution and sale." It is unnecessary to refer to the decisions in other states, maintaining views similar to those announced by this court in regard to the sale of railroads under execution. The judgment of the court of appeals will be affirmed. The other judges concur.