75 29
72a 274
75 29
149 603

CRANSTON v. THE UNION TRUST COMPANY *et al., Appellants.*

1. **Railroad** : LABORER'S LIEN : JUSTICES' COURTS. The statute does not confer upon justices of the peace jurisdiction of suits to enforce liens for labor done upon a railroad.

2. ———— : ————. A lien for labor done on a railroad must be enforced against the whole road, not against so much only of the road as is benefited by the labor.

*Appeal from Monroe Circuit Court.* — HON. JOHN T. REDD, Judge.

AFFIRMED.

*T. J. Portis* and *E. A. Andrews* for appellants.

*A. M. Alexander* for respondent.

HOUGH, J.—This was a suit instituted in the circuit court of Monroe county, to enforce a lien against the railroad of defendant, for work done upon its road-bed amounting in value to the sum of $22.43. The plaintiff recovered judgment and the defendants have appealed. Two grounds of error are alleged. 1st, That as the amount sued for was less than $50, the circuit court had no jurisdiction. 2nd, That the lien should have been enforced only against that portion of defendant's road which was benefited by the plaintiff's labor.

Section 1102 of the Revised Statutes confers upon circuit courts "exclusive original jurisdiction in all civil cases, which shall not be cognizable before the county courts, probate courts and justices of the peace, and not otherwise provided by law." Article 4, chapter 44 of the Revised Statutes confers jurisdiction upon justices of the peace to enforce ordinary mechanics' liens, but no jurisdiction has ever been conferred upon justices of the peace to enforce liens against railroads. Under section 1102 of the Revised Statutes, the circuit court has exclusive jurisdiction of such suits.

The second point relied upon by defendants, has been recently decided by this court against them, in the case of *Knapp v. St. Louis, K. C. & N. R'y Co.*, 74 Mo. 374.

The judgment of the circuit court will, therefore, be affirmed. All concur.