THOMAS SWEANEY, Appellant, v. THE KANSAS CITY RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, May 12, 1893.

1. **Special Tax Bills:** RAILROADS NOT CHARGEABLE WITH LIEN OF: K. C. CHARTER. A railroad right of way cannot be charged with the lien of a special tax bill for street improvement done under the charter of Kansas City of 1875.

2. ————: LIABILITY OF PROPERTY OWNER. There is not in Missouri, as in many other states, any personal liability of the abutting property owner for street improvement, and special taxes therefor are alone a charge against the property.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Gates & Wallace*, for appellant.

(1) The railroad of the defendant is benefitted by the improvement of Summit street. The court found as a fact that this railroad is used as a switching road, having factories, warehouses, lumber yards, etc., along its line from which it receives a share of its business. The auditor admitted in his testimony that streets were a necessity to their road, and without such means of access it would be of no use except for through business. The company has six tracks located on their right of way at this point. (2) But the question of benefit is not an open question. The act of the legislature provides, in substance, that the cost of the grading of the sidewalks shall be taxed against the "land adjoining" the street in proportion to the frontage, etc. While these assessments are based upon the idea of benefit to the property assessed, this is a legislative declaration that all the lands abutting on the street are benefitted, and it is not open to any property owner to say that his property is not benefitted. City Charter, 1875, art. 8, secs. 1, 2, 3; Dillon on Municipal Corporations [3 Ed.] sec. 752; *Keith v. Bingham*, 100 Mo. 300; *City of St. Louis v. Rankin*, 96 Mo. 505; *City of Ludlow v. Railroad*, 78 Ky. 357; *Railroad v. Connelly*, 10 Ohio St. 159; *Davis v. City of Saginaw*, 87 Mich. 439; *White v. People*, 94 Ill. 604. (3) The statute includes all lands or property fronting upon the street. This includes the lands of a railroad company. The statute makes no exception and no exception can be made contrary to the statute. *City of Atlanta v. The Church*, 86 Ga. 730. (4) That railroad property of the character of that here in question is liable for special assessments for street improvements, we cite the following cases: *City of Ludlow v. Rail-*

*road*, 78 Ky. 357; *Railroad v. Connelly*, 10 Ohio St. 159; *Railroad v. Hanna*, 68 Ind. 562; *Railroad v. Kane*, 9 Hun, 506; *City of Chicago v. Baer*, 41 Ill. 306; *Railroad v. People*, 120 Ill. 104; *Railroad v. Decatur*, 126 Ill. 92; *Railroad v. Spearman*, 12 Iowa, 117; *Appeal of North Beach Ry. Co.*, 32 Cal. 499; *Emery v. San Francisco*, 28 Cal. 345; *In re County Commissioners*, 143 Mass. 424; *Railroad v. North Britain*, 49 Conn. 40; *State v. City of Passaic*, 23 Atl. Rep. (N. J.) 945. (5) In our own state recovery has been sustained against the property of a railroad company for street improvements, though the question was not specially raised. *Adkins v. Railroad*, 36 Mo. App. 652; *State ex rel. v. City of Kansas*, 89 Mo. 34.  (6) In Missouri and some other states property belonging to the state, school boards and other municipal corporations is not exempt from taxation of this character. *Public Schools v. St. Louis*, 26 Mo. 468; *Sioux City v. School District*, 55 Iowa, 150; *County of McLean v. Bloomington*, 106 Ill. 209; *Adams Co. v. Quincy*, 130 Ill. 566; *Hasson v. Rochester*, 67 N. Y. 528.

*Pratt, Ferry & Hagerman*, for respondent.

(1) The tax bills in controversy have no life except as liens on the specific property therein described, and can only be enforced by a sale of that specific property. In no other respect is there liability at law or in equity. Since the liens, if good, are to be enforced against detached portions of a railroad right of way which cannot be sold, the bills sued on are nullities, and the portions of the defendant's right of way described in the bills ought not to be considered as adjoining property subject to assessment within the meaning of the charter any more than cross streets and alleys would be so considered. (2) No lien can exist or be enforced

against a portion of the right of way of a railroad. *Dunn v. Railroad*, 24 Mo. 493; *McPheeter v. Bridge Co.*, 28 Mo. 467; *Schulenburg v. Railroad*, 67 Mo. 442; *Knapp v. Railroad*, 74 Mo. 374; *Cranston v. Trust Co.*, 75 Mo. 29; *Ireland v. Railroad*, 79 Mo. 572; *Skrainka v. Rohan*, 18 Mo. App. 340, 345.

GILL, J.—This is a suit to enforce certain tax bills issued for the grading of Summit street in Kansas City. The street runs north and south, crossing the right of way of the defendant railway company nearly at right angles; and these special tax bills attempt to charge the strip of land about fifty feet wide and one hundred and fifty feet deep abutting on each side of the street, and which said strip of land composes a part of the continuous right of way for the main line of defendant's railroad. There was a judgment below in defendant's favor, and plaintiff appealed.

The sole question is this: Does the law authorize the enforcement of a special tax bill for a street improvement against a detached portion of a railroad right of way? The case is governed by the Kansas City charter of 1875. By that statute (Laws 1875, p. 250), the cost of grading a street is charged as a lien on the land adjoining or abutting on the highway, running back to the alley, or one hundred and fifty feet, etc., as the case may be.

The tax bills in suit were issued on the theory that the land along the line of the graded street, and used by a railroad as its right of way, is chargeable with such local improvements just as other adjacent property. This too is the position taken and so forcibly urged on us by plaintiff's counsel. But however cogent the argument, and however reasonable and just may be the position contended for, yet under the repeated decisions of our supreme court, in cases which we deem analo-

gous, we must hold that plaintiff cannot maintain this suit—which has for its aim and purpose the carving out, sale and conveyance of a *portion* only of defendant's right of way. Admitting the terms, "adjoining lands," "all the property on both sides," etc., appearing in the Kansas City charter to be sufficiently general to embrace the railroad right of way, but even then we are met with the doctrine of our adjudicated cases that a lien will not be enforced against a mere fractional part of a railroad right of way, except it be specially authorized by the legislature in language not to be doubted. *Dunn v. Railroad*, 24 Mo. 493; *Abercrombie v. Ely*, 60 Mo. 23; *Schulenburg v. Railroad*, 67 Mo. 442; *Knapp v. Railroad*, 74 Mo. 378; *Skrainka v. Rohan*, 18 Mo. App. 344.

These were cases mainly for the enforcement of mechanics' liens against railroad bridges, depot buildings and the like, based on the general provisions of the mechanics' lien law allowing such liens for labor and materials furnished for all *buildings, erections improvements*, etc. It was admitted that the erections of the railroad might come under the terms, buildings or improvements of the mechanics' lien law, but yet it was said to be against the policy of the law to permit the enforcement of a lien against a detached portion of a railroad. The railroad is declared public in its nature; that if a portion of its right of way was thus allowed to be taken its capacity for serving the public would be destroyed; hence it was said, "that it is better to suffer a mischief which is peculiar to one than an inconvenience which may prejudice many." *Dunn v. Railroad*, 24 Mo. 495.

It seems that the argument thus used to deny the enforcement of a mechanics' lien against a detached portion of a railroad applies with equal force in cases of this kind. The description of the property to be

charged in the former case is as general and compre-
hensive as in the latter. Before the act of 1873 (which
for the first time provided for enforcement of liens
against railroads) it was not permitted to enforce
mechanics' liens against bridges, depots and the like,
for it would result in selling detached portions of its
right of way. And this was declared the law although
the mechanics' lien statute made no specific exceptions
in favor of railroads, but declared in general terms the
laborer and material-man entitled to a lien against *all
buildings or improvements* into which were put such
labor or materials. The same rule must apply here
and for like reasons. Although the charter declares
no exemption in favor of the railroad right of way, and
uses words of general description which might include
the lands over which the road is built, yet the same
policy that will deny a mechanics' lien in the one case
must in the other refuse a lien for street improvements.
This same policy which disapproved the enforcement of
special liens against separate and distinct parcels of a
railroad, manifested itself in the subsequent act of the
legislature in 1873. Revised Statutes, 1879, sec. 3200,
*et seq.* Although by that act liens in favor of material-
men and laborers were provided for as against rail-
roads, yet the lien was made to apply to the *whole line*
of railroad, and the lienor was not permitted to proceed
and charge a fractional part. *Knapp v. Railroad,* 74
Mo. 374.

Following then the spirit and evident trend of
these decisions, the enforcement of these tax bills can-
not be permitted, as, in order to make the judgment
available, some three hundred feet of this railroad high-
way must be segregated from the continuous whole,
and sold and conveyed to a third party. Indeed if
this lien should be allowed there is but one judgment
that could be rendered, and that is that the land sought

to be charged be sold under a special *fieri facias*. There could be no personal judgment against the defendant. This has been so often decided that citations of authorities are unnecessary. And, since this detached part of the right of way cannot be taken and sold on execution, it is clear that there is no valid lien. *Dugan Stone Co. v. Gray*, 43 Mo. App. 675.

Plaintiff's counsel, with laudable industry, have collated numerous decisions from other states, which tend in a great measure to sustain their contention here. But it will serve no useful purpose to go over these cases. Some are in point; but, as in our estimation these stand opposed to the well established law in Missouri, we must decline to follow them. The want of harmony between the courts of some of the states and Missouri, on the right to charge the right of way of the railroad for street improvements, may be in part accounted for on the difference of opinion as to the *personal* liability of the property owner. The courts of Missouri in later years—contrary to the earlier decisions —uniformly hold that such special taxes are alone a charge against the *property*, and can form no basis whatever for a personal judgment against the owner (defendant's counsel in their brief have cited some of the leading cases); while in some of the states the personal liability of the owner seems conceded. For example, in a late case from the supreme court of Kansas (and which plaintiff's counsel have furnished us since the argument in open court) an assessment for paving a street was sustained against a courthouse square. And yet in this case the court, in effect, declares that no lien can be enforced against the land; for the court says, "a courthouse cannot be sold or disposed of under tax proceedings or at forced sale for special assessments or taxes levied upon the ground thereof." The assessment was allowed, however, as a

charge against the county—to be collected as any other judgment against the county. *Board of Commissioners v. Ottowa*, 31 Pac. Rep. 788.

This clearly could not be allowed in this state; for, as already said, such charges for local improvements are liens or charges against the property and nothing more. There is no such thing in this state as a personal obligation on the owner to pay the assessment. If it can't be collected by the enforcement of a specific lien against the adjacent property it can't be collected at all.

The judgment of the circuit court must be affirmed. All concur.