S. H. McCUTCHEON, Appellant, v. PACIFIC RAILROAD COMPANY *et al.*, Respondents.

Kansas City Court of Appeals, November 22, 1897.

1. **Railroads**: RIGHT OF WAY: SPECIAL TAX BILL. A right of way for railroads is a mere easement that can not be taken on execution and it is against public policy to sell detached portions thereof.

2. ———: ———: ———: STATUTE. Revenue statutes taxing railroads, while an exception to the above rule of law, do not include special tax bills under the expression "and for other purposes."

3. ———: ———: ———: ———. The above revenue statute does not militate against the policy announced by the courts, but only adds an exception to the general rule thus established.

4. ———: ———: ———: PLEADING. The admission contained in defendant's answer that it "owns and uses the lots as part of its right of way" and "for no other purpose," is not an admission that it is the owner of the fee, but in effect denies such ownership.

5. ———: ———: ———: MAIN AND SIDE TRACKS. The lien of a special tax bill no more attaches to the side tracks on the right of way than it does to the main track.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1)    The statutes of this state make taxes of every nature a lien upon the property of railroads assessed therewith, and authorize a fragmentary sale of the road to compel payment of taxes. R. S. 1889, secs. 7737, 7739, 7742, 7743. (2) Special taxes come within the meaning of sections 7737 and 7739. *City v. Gates*, 110 Mo. 374; *Keith v. Bingham*, 100 Mo. 300. (3) The cases holding that there can be no fragmentary sale of a railroad under a mechanic's lien claim are misleading when applied to cases where it is sought to enforce a lien for taxes, whether general or special. (4) Even if the court holds the easement or right of way of the railroad can not be levied upon or sold under a judgment upon the bill in controversy, still the railroad being the owner of the fee, with the right of disposition, the fee may be levied upon and sold subject to the easement of the defendant. (5) The right of way of a railroad is assessable for local improvements and may be sold in fragments to enforce the payment of such assessments. *City v. R'y*, 78 Ky. 357; *Wabash v. Drainage Dist.*, 134 Ill. 384; *R. R. v. Connelly*, 10 Ohio St. 159; *R. R. v. Spearman*, 12 Iowa, 112; *R. R. v. Hanna*, 68 Ind. 562, and many others. (6) If the court is of the opinion that neither the fee nor other interest of defendant in the portion of the land in controversy, necessary to the operation of defendant's railway, can be levied upon and sold, this case should then be treated along the lines laid down in the case of *City v. Eddy*, 123 Mo. 546, and a judgment rendered

enforcing plaintiff's tax bill for the full amount against those portions of the track covered by the bill, not used in the operation of defendant's main tracks.

*Elijah Robinson* and *Stuart Carkener* for respondent.

(1) This case is on all fours with the case of *Sweaney v. R'y*, 54 Mo. App. 265; and the decision in that case disposes of the controversy in this; but counsel for appellant ask this court to reverse its ruling in that case for the reason, as they allege, that sections 7737 to 7743 of the Revised Statutes were not then called to the attention of nor considered by this court. The clause "for other purposes" has no reference whatever to special tax bills. "The public have a right to have a railway remain an entirety, and it would be destructive to public interest to permit it to be broken up into disjointed and practically useless fragments." 2 Elliott on Railroads, p. 1114, sec. 790.

Smith, P. J.—This is an action to subject to the payment of a special tax bill that part of lots in Kansas City numbered 14, 15, 16 and 17 of West Kansas Addition, lying between Santa Fe street and an alley, and fronting seventy-eight feet on said street. This part of said lots is mainly occupied by two main tracks and three side tracks of the defendant, the Missouri Pacific Railroad Company. The tax bill was issued for paving said street. The said railroad tracks cross said street at an angle of about forty-five degrees. The two main line tracks are located in the center with one of the side tracks on the north and the other two on the south. Two of the side tracks are principally used for the retention of cars while they are being loaded and unloaded by persons owning warehouses in the neighborhood. The tax bill was

STATEMENT.

issued for paving said Santa Fe street, on which the parts of said lots, already indicated, abutted. The defense set up in the answer and relied on at the trial was that said real estate was used by defendant for its right of way; that it was necessary for that purpose and that it was not used for any other purpose; that it was a part of its entire line of railway and therefore it was not subject to the lien claimed. There was a trial by the court sitting as a jury. The defendant had judgment and plaintiff appealed.

The court, at the conclusion of all the evidence, declared, by an instruction, that under the pleadings and evidence the plaintiff was not entitled to recover.

The interest which the defendant has in that part of the said lots which are occupied by its main and side tracks is merely a right of way. It is not a fee, nor a freehold estate; not a corporeal interest, but an incorporeal right; a mere easement that can not be taken on execution.

RAILROADS: right of way: special tax bill.

*Schulenberg v. R'y*, 67 Mo. 442; *McPheeters v. Bridge Co.*, 28 Mo. 467. It has been forty years since the supreme court of this state, in *Dunn v. R'y*, 24 Mo. 493, declared that it was against public policy to permit detached portions of a railway to be sold under an ordinary execution or under a judgment enforcing a mechanics' lien. And this declaration has been several times since then repeated by the same high tribunal. *McPheeters v. Bridge Co., ante; Schulenberg v. R'y, ante; Knapp v. R'y*, 74 Mo. 374; *Cranston v. Trust Co.*, 75 Mo. 29; *Ireland v. R'y*, 79 Mo. 573. These cases indicate a steady adherence by it to the policy declared in *Dunn v. R'y*.

The legislature has modified that policy to the extent of providing by statute that all property owned or held by any railroad company in any county in this

state shall be liable for the taxes assessed and levied against such company in such county. R. S., secs. 7737, 7742, 7743. The taxes mentioned in the statutory provisions just referred to are "state, county, city, town, village, school taxes and taxes for the erection of public buildings and for other purposes." Such taxes are declared a prior lien in favor of the state on all property of any railway, including roadbed, situate in the county in which the assessment and levy is made. The words "and for other purposes" as employed in the statute just quoted must be understood as limited in their scope and application to taxes of the same kind and character as those specified in the preceding part of the quotation. The rule is that in every enumeration of particulars followed by general terms, the latter are to be restricted to cases *ejusdem generis*. *St. Joseph v. Porter*, 29 Mo. App. 605; *St. Louis v. Laughlin*, 49 Mo. 550; *State v. Pemberton*, 30 Mo. 376. Unless the assessment of the defendant's right of way is a tax of the kind and character specified in the statute it is not one of those comprehended by the terms "for other purposes."

The authority to make assessments for street improvements against the abutting lands to pay for the same is referable to the taxing power. Such assessments are not, however, taxes in the sense that term is usually employed. *Levee Co. v. Hardin*, 27 Mo. 496; *Palmyra v. Morton*, 25 Mo. 593; *Shehan v. Hospital*, 50 Mo. 155; *St. Louis v. Allen*, 53 Mo. 44; *Keith v. Bingham*, 100 Mo. 300; *Independence v. Gates*, 110 Mo. 374. As remarked by Judge NAPTON in the first of the last cited cases, "the word 'taxes' means burdens, charges or impositions put or set upon persons or property for public use, and this is the definition which Lord Coke gives of the word talliage (2 Coke, Inst. 532) and Lord Holt in Carth. 438, gives the same definition in sub-

stance of the word 'tax.' To pay for the opening of a street in a ratio to the benefit or advantage derived from it is no burden." By reference to article 10 of the constitution in relation to revenue and taxation, it will be seen that the limitations therein imposed in the taxing power apply only to the kind of taxes specified in the statute under consideration and not to local assessments against property for street improvements. The distinction, it seems to us, is quite plain and obvious.

The statutory provisions to which we have adverted do not, in our opinion, support the plaintiff's contention. He would be just as well off had the statute not been enacted. It is doubtless true, as stated by plaintiff in the present case, that the able counsel who represented the plaintiff in *Sweaney v. R. R.*, 54 Mo. App. 265, did not in their brief or argument call our attention to the said provisions of the statute, but since the bearing of the same upon the question there presented for decision is not perceived, it is not believed that had our attention been timely called thereto a different conclusion would have been reached. And we may here repeat, as applicable in this case, what was said by us in that, namely:

"Following then the spirit and evident trend of these decisions, the enforcement of these tax bills can not be permitted, as, in order to make the judgment available, some three hundred feet of this railroad highway must be segregated from the continuous whole, and sold and conveyed to a third party. Indeed, if this lien should be allowed there is but one judgment that could be rendered and that is that the land sought to be charged be sold under a special *fieri facias*. \* \* \* And since this detached part of the right of way can not be taken and sold on execution, it is clear there is no valid lien. *Dugan Stone Co. v. Gray*, 43 Mo. App.

675." This case is not distinguishable from *Sweaney v. R. R.*, and must be decided the same way.

The plaintiff further contends that the rule forbidding the sale under execution of detached portions of any railway, though perhaps dictated by what was a wise public policy at the time of its announcement, has ceased to be so now, and that the legislature in view of that had reversed its policy by the enactment of said statutory provisions abrogating the rule. But we think the enactment of this statute was no more than a recognition by the legislature of a rule established by the judiciary. It is an exception added to a general rule. If it indicates a change of policy it is only *pro tanto.*

The defendant cites *City v. Eddy*, 123 Mo. 546, in support of his contention that the lots described in his petition are subject to the lien claimed. In that case a certain block of ground in a city had been granted to the railway company for depot and yard purposes, and on it the lessees of the company maintained warehouses and elevators, which were reached by two railway tracks and on which tracks cars were stored. The two tracks were no part of the right of way. Here all the tracks are on the right of way. The two cases are not therefore analogous in their essential facts. The liability of the property in the one case to be charged with a proportion of the cost of the street improvement is as clear as the nonliability in the other.

The distinction between an assessment of a right of way and an assessment on land other than the right of way has been stated in a Pennsylvania case, *Borough v. R. R.*, 20 Atl. Rep. 1052, in this way, namely: "That while the roadbed or right of way of a railroad company is not the subject of a claim for paving, it does not follow that a passenger or freight depot, the ground belonging to the company and used as a lum-

ber yard or other purposes, may not be subject to such charge. * * * It requires no argument to show that the paving of a foot way by the side of a railroad track can confer no possible benefit upon the property known as the right of way, hence the whole theory which justifies such charges fails in this instance. But this reason does not apply to a railroad station where passengers assemble to take trains, much less does it apply to ground used as a freight station or lumber yard. It is as important to have a well paved walk to reach a railroad station as to any other place." And this statement of the law was approvingly quoted in *City v. Eddy, supra.*

Plaintiff further insists that the pleadings admit that the defendant is the owner of the fee in the lots

pleading.

which he seeks to have charged with the lien, and that therefore there can be no valid objection to selling the same under execution, subject to the defendant's right of way. But in an examination of the pleadings we do not find such admission to be therein made. The admission of the answer is that it only "owns and uses the lots as a part of its right of way" and "for no other purpose." The language can not be fairly construed into an admission that it is the owner of the fee. The ownership of the fee was in effect denied. There was no evidence tending to show such ownership by defendant. These suggestions sufficiently dispose of the insistance of the defendant last stated. The defendants were authorized by its charters to acquire a strip of land not exceeding one hundred feet wide for a right of way. *R'y v. Seely*, 45 Mo. 212; G. S. 1865, p. 332, sec. 2. The undisputed evidence is that the several tracks of the defendant are all on its right of way, which is less in width than it was authorized to acquire for that pur-

pose, so that if the plaintiff was entitled to a lien at all it would be against the right of way only.

The plaintiff finally contends that if it is not entitled to a lien against that part of said lots occupied by the defendant's main tracks that it is entitled to a lien against the residue, but as

*main and side tracks.*

the side tracks are quite as much on the right of way as the main tracks it is difficult to understand how one part of the right of way is subject to the charge and another is exempt. The right of way must be regarded as an indivisible integer, except in those instances specified in the statute. It is, of course, also subject to the right of eminent domain. Until the law making power shall enact a different rule the right of way of a railway abutting on a street within a city is no more subject to be charged with any part of the cost of such improvement, though for a different reason, than any property of the state and county strictly devoted to public use. The cost of any street improvement must be apportioned among such abutting lands as are by law *authorized* to be charged therewith.

It seems to us that there is much force in the argument that a railroad owning a right of way running through a city and abutting on a street should bear a part of the cost of the improvement of the street, but the argument is one that should be addressed to the law making power. We must declare the law as we find it.

Perceiving no error in the record, the judgment must be affirmed. All concur.