## THE GILSONITE CONSTRUCTION COMPANY v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**In Banc, March 1, 1912.**

1. **STREET IMPROVEMENT: Right of Way of Railroad: Liability to Assessment.** The right of way of a railroad company, under the charter of St. Louis, is subject to taxation for local improvements the same as other lands abutting upon the street improved.

   *Held*, by GRAVES, J., dissenting, that, since no lien against the small segment of the right of way against which the taxbill attaches, if legal, could be enforced, and since it is the established law of this State that a segment of a railroad cannot be sold under execution, the right of way of a railroad company cannot be assessed with a special taxbill issued in payment of a street improvement.

2. ———: ———: ———: **Under Constitution.** The Constitution and laws of this State do not exempt the right of way of a railroad company from the assessment of special benefits. Such a right of way is not a public highway within the meaning of the constitutional provision exempting "public highways" from taxation.

3. ———: ———: ———: **Due Process of Law: Equal Protection of the Law.** The charter provisions and ordinances of the city of St. Louis imposing special benefit assessments upon the right of way of a railroad company in payment for a street improvement, do not deprive the railroad company of its property without due process of law, and do not deny to it the equal protection of the laws, and are not violative of either the Federal or State Constitution.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED.

*R. T. Railey* and *James F. Green* for appellant.

(1) The judgment of the trial court makes the railway company liable without regard to the question

of benefits to its property. It thus violates the "due process" clause of the Fourteenth Amendment of the Federal Constitution, and of section 30, article 2, of the Constitution of Missouri. Norwood v. Baker, 172 U. S. 269; French v. Paving Co., 181 U. S. 324; Martin v. District of Columbia, 205 U. S. 135; Lyon v. Tonawanda, 181 U. S. 389; Farm Co. v. Detroit, 181 U. S. 395; Detroit v. Parker, 181 U. S. 399; Elliott on Roads and Streets (2 Ed.), sec. 566. (2) The charter and ordinances of the city of St. Louis, if construed to authorize the levy of a special tax against the right of way of the railway company other than as to property fronting on the street to be improved, are opposed to the State law and therefore invalid. Laws 1905, p. 100; Secs. 22 and 23, art. 9, Constitution of Missouri; St. Louis v. Williams, 139 S. W. 340; St. Louis v. Worthman, 213 Mo. 131; St. Louis v. Klausmeier, 213 Mo. 125; St. Louis v. Telegraph Co., 96 Mo. 623; Ewing v. Hoblitzelle, 85 Mo. 78; St. Louis v. Dorr, 145 Mo. 478. (3) Defendant's right of way is not liable to the lien of the special taxbills sued on. Laws 1905, p. 100; Page & Jones on Taxation by Assessment, sec. 594; 2 Elliott on Railroads, sec. 786; Sweeny v. Railroad, 54 Mo. App. 265; Dunn v. Railroad, 24 Mo. 493; Dugan v. Railroad, 43 Mo. App. 675; Village of Forest River v. Railroad, 197 Ill. 344.

*Edw. C. Kehr* for respondent.

(1) A special taxbill constitutes prima facie evidence of the liability of the property for the charge stated in the bill. The admission in evidence of the fourteen special taxbills sued on established a prima facie case in favor of the plaintiff. Charter of St. Louis, art. 6, sec. 25; Heman v. Farish, 97 Mo. App. 393; Heman v. Larkin, 108 Mo. App. 394; Paving Co. v. McManus, 144 Mo. App. 594; Eyerman v. Blakesly, 78 Mo. 147; Moberly v. Hogan, 131 Mo. 19; Paving Co.

v. Ullmann, 137 Mo. 544. (2) Article 6, sec. 14, of the Amended Charter of St. Louis has been passed on and its construction and validity determined by this court. Collier Estate v. Pav. & S. Co., 180 Mo. 362; Meier v. St. Louis, 180 Mo. 391; State ex rel. v. St. Louis, 183 Mo. 230; Construction Co. v. Shovel Co., 211 Mo. 524. (3) The right of way of a railroad company in the city of St. Louis is subject to assessment for local improvements. Charter of St. Louis, art. 6, sec. 14; Construction Co. v. Railroad, 206 Mo. 172; Corrigan v. Kansas City, 211 Mo. 626; City to use v. Eddy, 123 Mo. 559; Railroad v. Paving Co., 197 U. S. 430; Railroad v. Joliet, 153 Ill. 649; Railroad v. Moline, 158 Ill. 64. (4) Assessments for local improvements do not violate section 30, of article 2, of the Constitution of Missouri. Eyerman v. Blakesly, 78 Mo. 145. (5) It is conclusively settled by the decisions of this court and of the Supreme Court of the United States that special taxbills for local assessments do not violate the Fourteenth Amendment to the Federal Constitution. Paving Co. v. French, 158 Mo. 334; Meier v. St. Louis, 180 Mo. 391; French v. Paving Co., 181 U. S. 324; Shumate v. Heman, 181 U. S. 403; Tonawanda v. Lyon, 181 U. S. 389; Chadwick v. Kelly, 187 U. S. 540; Schaefer v. Werling, 188 U. S. 516; Railroad v. Paving Co., 197 U. S. 430; Davidson v. New Orleans, 96 U. S. 97; Railroad v. Pennsylvania, 134 U. S. 232; Bank v. Pennsylvania, 167 U. S. 461. (6) The charter of the city of St. Louis has all the force and effect of an act of the General Assembly. St. Louis v. Fisher, 167 Mo. 660; Meier v. St. Louis, 180 Mo. 409; Construction Co. v. Shovel Co., 211 Mo. 533.

WOODSON, J.—This is a suit to collect fourteen special taxbills, duly issued by the city of St. Louis, in favor of the plaintiff and against the defendant, in payment of materials furnished and labor performed

in the reconstruction of a street in said city, known as Broadway, done in pursuance to a contract made by and between it and the city, in conformity to the charter and ordinances thereof. The petition contained fourteen counts.

The property of the plaintiff charged with said taxbills consists of its right of way, and is located within the area of the district defined by the ordinance under which the work was done.

The taxbills remaining unpaid, after demand made, plaintiff brought suit on them in the circuit court of the city of St. Louis. The appellant answered, admitting its ownership of the property against which the taxbills were issued, but averring that none of the property described in the several counts of the petition abuts upon the street paved by plaintiff, but on the contrary, each of said described pieces of property is distant from Broadway and constitutes the defendants' right of way and is occupied by its main tracks solely for the passage of trains thereover, and is not devoted to yard, loading or depot purposes or for any other purpose than the passage of trains thereover, and therefore can derive no possible benefit from the paving of Broadway, and hence cannot be chargeable with the cost of said paving or other improvement of said street; that to hold said property chargeable with the cost of said improvement would violate section 1, article 14, of the Constitution of the United States, in that it would deprive the defendant of its property without due process of law and deny to it the equal protection of the laws, and that it would also violate section 30, article II, of the Constitution of Missouri, in that it would deprive defendant of its property without due process of law; that defendant is a railway corporation and public carrier of passengers and freight for hire and holds said property for a public use and as a public highway.

The plaintiff filed its motion to strike out the affirmative matter of the answer above set out, which motion was sustained.

Upon the trial of the cause plaintiff offered the fourteen special taxbills in evidence, and the signature to the same by the president of the board of public improvements, and notice and demand upon each taxbill being admitted, the plaintiff rested its case.

The defendant then offered to prove the facts stated in that part of its answer theretofore stricken out, which proof, the court, upon the plaintiff's objection, refused to receive.

The defendant offered no further evidence, but requested the courts to give an instruction in the nature of a demurrer to the evidence, denying the plaintiff's right to a recovery on any of the counts in the petition. That instruction was, by the court, refused and the defendant duly excepted.

The findings of the court were for the plaintiff on all the counts of the petition, and judgment was rendered accordingly. After taking the proper preliminary steps, the defendant appealed the cause to this court.

Since it is practically conceded that the contract, under which the improvements were made, and in payment of which the taxbills in suit were duly issued, was authorized by the charter and ordinances of the city of St. Louis, there are but three legal propositions remaining for determination, and they are: First, is the right of way of a railroad company, under the charter of the city of St. Louis, subject to taxation for local improvements, the same as other lands abutting upon the street improved?

This precise question was presented to this Court in Banc, at the April term, 1907, in the case of Heman Construction Co. v. Wabash Railroad Company, 206 Mo. 172. After an exhaustive review of the authorities and a most able consideration of the question, it

was there held that the right of way of a railroad company was liable for special assessments for local street improvements the same as those made in pursuance to the contract now under consideration. Nothing has since been said, nor have any additional authorities been cited on the presentation of this case, which would justify this court in overruling that case, or authorize the announcement of a rule different from the holding there expressed.

Second, Do the Constitution and laws of this State exempt the right of way of a railroad company from the assessment of special benefits? It was also held in the case before mentioned, that the right of way of a railroad company was not a public highway within the meaning of the Constitution of this State, exempting "public highways" from taxation. No valid reason has been suggested to this court which would justify us in departing from that holding. [Also, see City to use v. Eddy, 123 Mo. 1. c. 559-563, and cases cited.]

The third question is, are the charter provisions and ordinances of the city of St. Louis, imposing such special benefits upon the right of way of the appellant, violative of either the State or Federal Constitution? It is no longer a debatable question in this State, but what under the laws and ordinances of the city of St. Louis, the rights of way of railroad companies, as previously stated, may be assessed for special benefits received by local improvements, such as those provided for in the contract here involved. [Charter of St. Louis, art. 6, sec. 14; Heman Construction Co. v. Wabash Ry. Co., supra; Corrigan v. Kansas City, 211 Mo. 1. c. 626, and 650; City to use v. Eddy, 123 Mo. 1. c. 559-563; L. & N. R. R. Co. v. Barber Asphalt Co., 197 U. S. 430-4; Chicago & Alton R. R. Co. v. City of Joliet, 153 Ill. 649; Chicago, Rock Island & Pacific Ry. Co. v. City of Moline, 158 Ill. 64.] And it is equally well settled that such assessments do not violate either

the State or Federal Constitution. [Naylor v. Harrisonville, 207 Mo. l. c. 353; Eyerman v. Blaksely, 78 Mo. 145; Barber Asphalt Paving Co. v. French, 158 Mo. 534; Meier v. St. Louis, 180 Mo. 391, 408-9; French v. Barber Asphalt Paving Co., 181 U. S. 324; Tonawanda v. Lyon, 181 U. S. 389; Chadwick v. Kelley, 187 U. S. 540; Shumate v. Heman, 181 U. S. 403; Schaefer v. Werling, 188 U. S. 516; L. & N. Railroad Co. v. Barber Asphalt Paving Co., 197 U. S. 430; Davidson v. New Orleans, 96 U. S. 97; Bell's Gap Railroad Co. v. Pennsylvania, 134 U. S. 232; Merchant's & Mfg. Bank v. Pennsylvania, 167 U. S. 461.]

We are therefore of the opinion, that the laws and ordinances of the city of St. Louis authorizing the assessment of benefits for local improvements against the appellant's right of way do no violence to either the State or Federal Constitution.

The judgment should be affirmed, and it is so ordered.

All concur, except *Lamm, Graves* and *Ferriss, JJ.,* who dissent.

## DISSENTING OPINION.

GRAVES, J.—This case furnishes me an opportunity to place myself right in my own mind without changing the heretofore written law. When the case of Heman Construction Company v. Wabash Railroad Company, 206 Mo. 172, was before this court, I voted to sustain the lien of a special taxbill as against a railroad right of way. I have never been fully reconciled to that vote. Upon reflection thereafter, I became convinced that my brothers Fox and LAMM were right in their dissent, and so feel at this time.

In the Wabash case we used this language: "As to the proposition urged against this lien, that the roadbed or right of way of the defendant, or a part thereof, could not be sold under execution to satisfy

any judgment which may be rendered in favor of plaintiff in this case, it is not necessary for us to express an opinion at this time. What we do hold is that, under the charter and ordinance, the taxbill sued on in this case is a lien against that part of the right of way of the defendant company described in the taxbill. We do not feel called upon to determine how such judgment can be enforced, but it is probable that counsel will be able, if necessary, to accomplish such result."

If it be a fact that there is no way of enforcing a lien, it is persuasive to my mind that no lien could or should be decreed. Why say a lien does exist, and yet say that it cannot be enforced by process from a court. We have held that segments of a railroad's right of way cannot be sold under special execution enforcing a lien.

In Knapp v. Railroad, 74 Mo. l. c. 378, we said: "It has been several times declared by this court to be against public policy to permit detached portions of a railroad to be sold under an ordinary execution, or under a judgment enforcing a mechanic's lien. [Dunn v. N. Mo. R. R. Co., 24 Mo. 493; McPheeters v. Merimac Bridge Co., 28 Mo. 467; Schulenburg v. C. & N. Ry. Co., 67 Mo. 442.] In the case of the St. Louis Bridge & Construction Co. v. Memphis, C. & N. W. Ry. Co., 72 Mo. 664, the question now before us was not discussed, but it was taken for granted that the lien extended to the whole of the road lying within this State, and so stated. In Schulenburg v. M. C. & N. W. Ry. Co., supra, the act now under consideration was reverted to, but not construed, as the lien sought to be enforced in that case was based upon the general law in relation to mechanic's liens; but the views of this court previously expressed against the policy of permitting a railroad to be sold out in detached parcels, were distinctly reasserted."

240 Sup.—42

In Ireland v. Railroad, 79 Mo. 1. c. 573, we announce the same doctrine thus: "It is intimated in the brief of appellants that the demurrer was sustained on account of the supposed impossibility of enforcing such liens against a railroad whose roadbed was not wholly within the State. This objection has been disposed of in the case of the St. Louis Bridge & Construction Co. v. M. C. & N. W. R. R. Co., 72 Mo. 664, in which it was held that a lien could be adjudged and enforced against such part of the roadbed as lay within the State. It has also been decided that no lien under this law can be adjudged or enforced against only a part of the roadbed lying within the State. The lien must be adjudged against the whole of the roadbed, or against none of it, within the State. [Knapp v. St. Louis, K. C. & N. Ry. Co., 74 Mo. 374; Cranston v. Union Trust Co., 75 Mo. 29.]"

Other cases are cited in the quotation first above given.

Liens of the character sought to be enforced in this case must be as against the property benefited by the improvement, and hence only against a small segment of the right of way. If public policy forbids a part or a segment of à right of way being sold as indicated by these cases, then there is no means by which our judgment can be enforced, because no personal liability attaches in such cases. My reflection upon these cases and the reasons given therein have shaken my confidence in the judgment given by this court in the Wabash case, supra, and I now desire to dissent from that doctrine and hence dissent in this case. *Lamm* and *Ferriss, JJ.,* concur in these views.