INHABITANTS OF PALMYRA, Defendants in Error, v. MORTON, Plaintiff in Error.

1. The trustees of the town of Palmyra had power, under the tenth section of the act incorporating said town, (Local Acts, 1845, p. 151,)—if the owner or occupier of lots adjacent to the streets of said town should fail to pave the same as directed by the ordinances—to pave the same and recover the full expense thereof from such owner or occupier. The charter, authorizing such assessments, is in conformity to the constitution.
2. Such a suit is properly brought in the name of the corporation.
3. A member of a municipal corporation will be presumed to be aware of its by-laws and ordinances.

*Error to Marion Circuit Court.*

*Lipscomb* and *Lackland*, for plaintiff in error.

I. The trustees had no right by authority of law to require Morton to curb and pave the streets in front of his property. The street is public property, a matter of public concern, and can therefore be made only by a general tax imposed upon the citizens and proprietors in proportion to the value of their property. The proceedings against Morton, if sustained, would be the imposition of a special and partial tax upon one individual for a public benefit; or, in other words, the taking of private property for public use without just com-

pensation. The legislature has no power to do this, and could confer no such power upon the trustees of the town of Palmyra.

II. Morton was never requested to pave and curb. The ordinance can not be construed into a requisition upon Morton. The notice in the Palmyra Whig is not a sufficient notice to Morton.

III. There is nothing in the record showing that the trustees of Palmyra ever paid out money for which this suit is brought.

IV. This suit should have been brought by the trustees, and not by the inhabitants as appears by the record.

*Mc Cabe* and *Dryden*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiffs were incorporated a body politic by an act of the general assembly, approved March 3d, 1845, (Sess. Acts, 1845, p. 152,) by the name of " The Inhabitants of the Town of Palmyra," and by that name were authorized to sue and be sued. The corporate powers of the town were vested in a board of trustees, to consist of five members to be chosen by the qualified voters of the town, who were authorized by the tenth section " to have the footways and side-walks of the streets paved at the expense of the owners or occupiers of the adjacent lots ; and if such owner or occupier fail to pave the same as directed by ordinances, said trustees shall pave the same and recover the full expense thereof from such owner or occupier, before any court of competent jurisdiction, by action of debt." On the 3d of May, 1853, an ordinance was passed by the trustees, requiring the owners or occupiers of property fronting on Main street, from Church to Jefferson street, to curb and pave the same—the curbing to be of rock not less than three inches thick, and the paving to be of the width of eleven feet, and to be completed on or before the first day of September following. The defendant failed to have the paving and curbing done in front of his property ;

and in October, 1853, it was done by order of the trustees, for the expenses of which this suit was brought. On the trial only two instructions were asked, which were refused. They are as follows: " 1. That unless the jury believe from the evidence that the defendant requested the plaintiffs to curb and pave in front of the lots in question, or to have said curbing and paving done, they will find for the defendant. 2. That unless they believe from the testimony that the money, alleged to have been paid by the plaintiffs for curbing and paving in front of said lots, was so paid by plaintiff at defendant's request, they will find for defendant." The verdict was for the plaintiffs; after which the defendant moved for a new trial, and in arrest of judgment; but the motions were overruled.

The main objection taken by defendant, which arises on the motion in arrest, is that the street is public property and can only be improved at the general expense; that this proceeding is an attempt to levy a special tax upon one individual for a public benefit, and is obnoxious to the constitutional provision which declares that private property shall not be taken for public use without just compensation. It may be observed in the first place, that there is no attempt here to exercise the right of eminent domain; for it was not proposed to condemn the defendant's property to public use, and it is unnecessary to discuss the character, extent or limitation of that power. Though the public convenience was promoted by making pavement on the street designated in the ordinance, yet it was essentially a local improvement, and it was proper that the owner or occupant of the property fronting on it should bear the burden of its cost. (Lockwood v. The City of St. Louis, 24 Mo. 20.) Examples of local assessments for partial improvements are familiar in the legislation of states and municipal corporations. The subject has been thoroughly discussed, and every principle bearing on it severely analyzed, in almost every state of the Union where the power has been exercised; and it is now as firmly established as any other doctrine of American law. Each county builds

its own jails and court-house, erects bridges and opens roads; and the expenses for such purposes are defrayed by levying a county tax. Public roads are worked and kept in repair by the inhabitants of particular districts; school houses are built at the expense of school districts; marshes are drained and river banks are leveed, and the expenses of these improvements are charged upon the persons in the vicinity, although the public is benefited by them. So, in towns, wells and cisterns are dug and kept in repair at the expense of particular limits; and in cities public parks and wharves are established, streets are opened and paved, sewers are made, water-pipes are laid, and the expenses thereof are charged to the property holders immediately benefited thereby. It is the exercise of the same power that authorizes districts, counties or towns to subscribe for public improvements. (27 Miss. 224; 5 Gilm. 405; 1 McCook, 77; 9 Ben. Monr. 526; 9 Humph. 252; 4 Comst. 423.)

The right of a municipal corporation to require the owner to pave the side-walk in front of his property may be derived from its duty to protect the public health and to prevent nuisances, and is a mere police regulation. It is the exertion of the same power that prohibits persons from throwing filth into the streets, or from obstructing the side-walks; that regulates awnings; that forbids the building of wooden houses within certain districts; that prescribes the quantity of powder which may be kept in stores, and that requires the pavements in front of each house to be kept clear of ice and snow.

The suit was properly brought in the name of the corporation. It was the duty of the trustees under the charter to have the side-walks paved, if the owner failed to do it in the time appointed; but they are merely the agents of the corporation in that behalf, and had no cause of action for which they could sue, any more than a cause of action would have accrued, for a like service, to the constable, marshal, engineer, street commissioner, or any other officer or agent whose duty it was to superintend the work. (Northern Liberties v.

St. John's Church, 13 Penn. State, 104.) In this case the board of commissioners were authorized to recover the assessments, for grading and paving a street, made on the owners of property that fronted the street; yet the action was maintained in the name of the corporation.

The instructions asked by defendant were properly refused, for they sought to place the right of recovery on grounds that would paralyze the tenth section of the charter. The plaintiffs could recover, on a familiar principle of the common law, if they had caused the work to be done and paid for it at the defendant's request; but they have authority to cause the side-walks of a street to be paved at the expense of the owners or occupiers of property fronting on it, with or without their consent, and express power is given to recover " the full expense thereof from such owner or occupier," without the condition of having first paid the same.

There is nothing in the objection that the defendant was not notified of the ordinance; for being a member of the corporation, he is presumed to be aware of its by-laws. (City of London v. Venacie, 12 Mod. 269; Glover on Corporations, 290, 207.) The other judges concurring, the judgment will be affirmed.