GEO. B. McLELLAN, Respondent, *v.* BOARD OF PRESIDENT AND DIRECTORS OF THE ST. LOUIS PUBLIC SCHOOLS, Appellant.

April 15, 1884.

1. CORPORATIONS — NOTICE. — Members of a corporation created by statute are bound to take notice of the by-laws of the corporation.

2. —— Teachers of the St. Louis public schools are bound to familiarize themselves with rules affecting them, adopted by proper authority, of which they have notice, and which are published and distributed among them.

3. —— PUBLIC SCHOOLS — TEACHERS, REMOVAL OF. — A by-law of a public school corporation that teachers shall hold their office for one year unless sooner removed is reasonable, and the board may remove a teacher before the expiration of one year from the date of his employment, upon his being charged, in a divorce suit, with having committed various acts of adultery.

4. MASTER AND SERVANT — CONTRACT OF HIRING. — In an action by a servant for a breach of a contract of hiring, the plaintiff must introduce some evidence as to his efforts to obtain other employment and as to whether he earned money during the remainder of his term.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and dismissed.*

LEO RASSIEUR, for the appellant: The defendant is a public corporation, established to have charge of public education in the city of St. Louis, and is composed of all free white persons residing therein. — 2 Rev. Stats., p. 1536, sect. 1. Plaintiff coming, within the foregoing description, was a member of defendant corporation, and, therefore, charged with a knowledge of its rules. — *Town of Palmyra* v. *Morton,* 25 Mo. 93; *Ellis* v. *N. C. Institution,* 68 N. C. 423; Ang. & Ames on Corp. (10th ed.) sect. 359, and authorities there cited.

DAVIS & DAVIS, for the respondent: The board of public schools has no power to discharge a teacher before the expiration of the time for which he was employed. — *The State ex rel.* v. *Police Commissioners,* 14 Mo. App. 297.

Having entered into a special contract with plaintiff (resolution on June 11, 1878), defendant lost its right (if it had one by rule 133) to terminate the contract, except for legal cause. — *Trustees* v. *Shoffer*, 63 Ill. 43. " Defendant, speaking through its resolutions, declared why it discharged plaintiff, and if plaintiff had knowledge of the rule it, of itself, did not give defendant the right, without cause and without a hearing, to discharge plaintiff." — *The State ex rel.* v. *Adams*, 44 Mo. 570, 585 ; *Fuller* v. *Plainfield School*, 6 Conn. 532 ; *Pulford* v. *Fire Department*, 31 Mich. 458 ; *McCatchen* v. *Windsor*, 55 Mo. 149 ; *Finch* v. *Cleveland*, 10 Barb. 290.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that defendant is incorporated under the laws of the State of Missouri, for the purpose of managing the public schools of St. Louis. That plaintiff was engaged by defendant, on the 2d of September, at a salary of $1,800, as a teacher in the St. Louis high school, for a period of ten months, and entered upon his duties, and faithfully discharged them, until November 5, 1878, up to which date he was paid in full. That at that date he was discharged without any cause ; that he repeatedly tendered his services for the remainder of his term, which defendant refused ; that he endeavored in vain to obtain employment ; that defendant refuses to pay the salary due for the remainder of the term, which is $1,381.50, for which he asks judgment.

The answer sets up, that by one of defendant's rules and by-laws known to the plaintiff, and in force when he was employed, teachers shall hold their offices for one year unless sooner removed by a majority of the board ; and that by virtue of this by-law the term of office of all teachers in defendant's employ is fixed ; that such teachers hold at the good pleasure of the board of directors of defendant,

and the term of any teacher ceases when he is dismissed by defendant.

The cause was tried without a jury; and there was a finding and judgment for plaintiff for the full amount claimed.

It appears from the evidence, that plaintiff was a teacher of Latin and Greek at the St. Louis high school, of more than average capacity and ability, diligent and efficient; he had been for some years in defendant's employ as a teacher, and was a white man residing in St. Louis. He was re-engaged for the scholastic year beginning September 2, 1878, on the salary of $1,800. Plaintiff, after this employment brought an action for divorce against his wife. His wife filed a cross-bill. This cross-bill was published in the St. Louis *Globe-Democrat*, with editorial comments, on the 10th of October, 1878. The teachers' committee of defendant thereupon asked plaintiff to resign, on the ground that the scandal incident to the divorce proceedings was injurious to the best interests of the high school. Defendant refused to resign, and was thereupon discharged by defendant's board of directors. Plaintiff stated that it was difficult to obtain any employment as a teacher after the scholastic year had begun; but there was no evidence as to any efforts on his part to obtain such employment, or any employment, nor as to whether or not he did obtain employment, or earn money during the remainder of the scholastic year. He testified that he had no knowledge of the by-law of defendant set up in the answer. Defendant asked an instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, which was refused. Defendant offered in evidence the printed rules and regulations of its board of directors. Of these rules, there are 145. Section 1, of rule 133, is as follows: "The teachers elected at the close of the scholastic year shall hold their offices for one year, unless sooner removed by a vote of the majority of the Board." There was testimony that all the

teachers were notified that it was part of their business to be acquainted with the rules that apply to the teachers and to the scholars, and that these rules were accessible through the reports of the board, which in some years, were distributed to each individual teacher, in other years, these reports were placed at the disposal of each teacher to take one or not as he pleased.

Defendant offered in evidence the petition of divorce of plaintiff filed in the St. Louis circuit court, and the cross-bill of plaintiff's wife, and plaintiff's reply, and the decree in favor of the wife. This decree was rendered on the 11th of March, 1879. All of this record was excluded by the court. The cross-bill alleges various acts of adultery by plaintiff in St. Louis and elsewhere, with various women during the years 1865, 1875 and 1876, and other gross indignities from plaintiff to his wife in 1875 and 1876.

The court declared the law to be, that, " unless plaintiff, by his conduct, gave cause for removal, defendant is liable in this action ; " and that " the contract for hiring of plaintiff was that of an unconditional hiring for one year, and rule 133 did not give the defendant the right to remove plaintiff without cause."

1. It is manifest from the object of defendant's incorporation that the by-law in question is reasonable and even necessary. There may be causes for the removal of a teacher affecting the discipline of the school over which he presides, entirely outside of any question of his learning, ability, power of enforcing discipline, or moral qualities, and outside of his own acts. As in the present instance. It was not for the board of directors to prejudge, or even to examine, the charges brought against this teacher by his wife ; but the mere fact that charges of this character were brought against him, and that the fact had become notorious, rendered it highly inexpedient that he should remain as a teacher of higher classes frequented by youths between the ages of fourteen and twenty. It is unnecessary to

dwell upon this. Such would be the common sense of all fathers and mothers having a parental regard for the morals of their children.

2. That plaintiff was bound to take notice of the by-law in question, there can be no doubt. Defendant is not, as respondent argues, a *quasi* corporation. *Quasi* corporations are those established without any express charter of incorporation ; they are not bodies politic or corporate ; but, from motives of necessary public policy, are recognized as being invested with certain corporate powers, *sub modo*, and for a few specific purposes only, as in the case with counties, school districts, etc.

Defendant is an actual corporation, incorporated by a public act, the provisions of which appear in the Revised Statutes of 1879, at page 1526 and the following pages. Of this corporation, plaintiff was, by the terms of its charter, a member, as appears by the statement that he was a free white citizen residing in St. Louis and by section 1 of defendant's charter. There is nothing in the objection that defendant had no actual notice of the by-law, for, being a member of the corporation, he is presumed to be aware of its ordinances. *Inhabitants of Palmyra* v. *Morton*, 25 Mo. 593. This is enough. But we may add that the evidence is clear that he knew that there were rules applying to the teachers of defendant, and it was his plain duty to make himself familiar with these rules; and his consent to them must be implied from his accepting the position of teacher in defendant's high school.

3. It does not appear that plaintiff showed the measure of damages. On this question alone the instruction for a non-suit ought to have been granted.

We are of opinion that the judgment should be reversed. There is no reason why the cause should be remanded. The judgment is reversed and the cause dismissed. All the judges concur.