MOORE MANUFACTURING COMPANY, Appellant,
    v. SPRINGFIELD SOUTHWESTERN RAIL-
    WAY COMPANY.

Division Two, March 24, 1914.

1. **RAILROAD TRACK IN STREET: Monopoly.** It is not unlaw-
ful for a city to authorize the construction and operation of a
steam railroad in a public street, and such use is not a new
servitude. The material question for determination, in a suit
to compel the removal of railroad tracks laid in the street, is
whether such occupation constitutes a monopoly in the use
of the street by the railroad to such an extent as to impair the
rights of the abutting lot owner to ingress and egress for all
reasonable purposes.

2. ————: ————: **Character of Street Considered.** The fact that
factories and foundries are located along the street, and that
it is used to a large extent in the transfer of their products
and materials, is to be considered, in determining whether or
not the street has been so appropriated by the railroad tracks
as to destroy its character as a public highway; and, also, in
responding to a prayer to compel the removal of the tracks, a
court of equity will consider, not only the rights of the public,
but also the fact that plaintiff, with full knowledge of the
prior use of the street as a manufacturing street, located its
building thereon and rested content with the existing condi-
tions and use for years before making complaint.

3. ————: ————: **Bringing Street to Established Grade.** In de-
termining whether the defendant railroad company should
be compelled to remove its tracks laid in the street, the court
will not concern itself with the fact that the portion of the
street occupied by the tracks of another railroad has not been
brought up to the grade established by the city, or that the
space between said other railroad's tracks and plaintiff's lots
has not been brought to grade—the defendant having brought
to grade the portion occupied by its tracks.

4. ———: ———: **Space Unoccupied.** Where there remains a space of fifteen feet between the street line and defendant's railroad track, unoccupied by any tracks, the defendant will not be compelled to remove its tracks from said manufacturing street, if its occupancy of the tracks is not such as to impair plaintiff's rights as the owner of lots abutting on the street and a factory thereon.

5. ———: ———: **Lessened Use: Loss of Business.** In order for testimony as to whether the street in which defendant railroad has laid its tracks, in pursuance to a permissive ordinance, is not now used by vehicles and for general purposes as a highway as extensively as before the tracks were laid, to be considered material, it must be clear (1) that such lessened use by the public was due to the location of the tracks in the street and their occupancy by the railroad; (2) that such occupancy, so far as concerns the abutting lot owner, was by defendant; and (3) that the cessation of travel on said street has had an injurious effect upon plaintiff's business. And if the only testimony as to the injury to plaintiff's business consists of indefinite declarations in regard thereto, with no definite disclosure by plaintiff of the extent to which its business has been materially affected thereby, no relief can be granted.

6. ———: ———: **Laches.** Where the city enacted an ordinance authorizing the use and occupancy of the street by the defendant railroad with its tracks (of which ordinance plaintiff was required to take notice), and thereafter plaintiff had actual knowledge of the laying of the tracks therein and their use by defendant, and with such knowledge erected its own manufacturing plant for a distance of 250 feet along the improved street; and made no complaint for three years after such ordinance was enacted and such tracks were laid, its suit to enjoin the defendant from connecting its tracks at the ends, over a distance of about thirty feet, in the absence of evidence of substantial injury, will be barred by laches.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*John P. McCammon* for appellant.

(1) The motion to strike out part of defendant's answer should have been sustained. Those portions

of the answer to which the motion went consisted: (a) Of allegations that defendant had constructed and was operating its road from Crane to Springfield, and through the city on Water street and had expended one and a half million dollars and was constructing another line of Phelps avenue and would suffer loss if not permitted to complete its Phelps avenue line; that it had spent $40,000 grading said avenue. Such allegations, if true, furnish no defense to plaintiff's complaint that the defendant had, in such construction, destroyed its access to its property and its business, nor to its complaint that defendant had made no attempt to ascertain defendant's damages and pay them before constructing and operating its road in front of its property as the law requires. (b) The part following the foregoing section of the answers sought to be stricken out, was a statement that after the construction of the tracks the plaintiff had built a concrete building on its property. Just what justification defendant can find for its making access to property difficult, driving away travel, making approach by customers dangerous, or what defense it can find for violating the law requiring damages to be ascertained and paid before constructing or operating a railroad, in the improvement of property by the owner is not apparent. That it could be seriously considered as a defense to plaintiff's action seems incredible. (2) The injury to plaintiff's property and business was amply proven. The testimony was uncontradicted that travel in front of plaintiff's property has been driven away by the danger of being overtaken or met on that street by a train when both tracks are occupied by trains or cars; that the danger from the operation of trains over the crossover and upon the defendant's tracks, making flying switches and otherwise preventing the loading and unloading of wagons and the inconvenience of moving away and bringing back teams while so doing and the danger and inconvenience of access to plaintiff's premises caused

by the construction and operation of defendant's tracks and crossovers, has greatly affected plaintiff's business and thereby reduced the value of its property; that the danger and inconvenience will be still increased if defendant is permitted to build tracks between its two track ends and connect the same, completely filling the street in front of plaintiff's property with railroad tracks; and that the location of a switch target in front of plaintiff's office door and a frog in front of the warehouse door and the removal of cinders placed there by plaintiff from between the rails and ties in the pretended repair and maintenance of said tracks and crossovers, will make its access to its wareroom yet more difficult. All these facts were proven. (3) The use of the street by the defendant is inconsistent with the right of the public and with the right of the plaintiff. Dubach v. Railroad, 89 Mo. 483; Lockwood v. Railroad, 122 Mo. 86; Lumber Co. v. Railroad, 129 Mo. 455; Knapp, Stout & Co. v. Railroad, 126 Mo. 26; Refining Co. v. Elevator Co., 82 Mo. 124; Morie v. Transit Co., 116 Mo. App. 24; Corbey v. Railroad, 150 Mo. 465; Sherlock v. Railroad, 142 Mo. 172. (4) The defendant, before locating or constructing its railroad upon Phelps avenue or across Washington avenue, was compelled to obtain the consent of the city. council. R. S. 1899, sec. 9250; State ex rel. v. Railroad, 206 Mo. 251; Dubach v. Railroad, 89 Mo. 488. The ordinance passed in pursuance to the statute provides that no such railroad or street railroad shall be constructed or operated until all damages to such abutting lands shall have been first ascertained and paid to the owner thereof by the person or corporation constructing said railroad. The defendant cannot claim the advantage or benefit of the ordinance without a compliance with its terms, and therefore it acquired no right under the ordinance and it cannot justify any action taken under the ordinance granting it the right of location and construction without showing a compliance with the terms of the ordi-

nance under which it claims.   Dubach v. Railroad, 89 Mo. 483.   (5)   Before the council could give consent for the use of Phelps avenue or Washington avenue there was one condition attached, and that was "Before a railroad can be located on any street a majority of the resident owners shall first assent thereto in writing."   The foregoing is the condition precedent to the location of a railroad.   (6)   After the location by the council and before construction could be begun the Legislature affixed another condition, in addition to the preceding one mentioned that the railroad company should comply with the ordinances governing such matters, the council having sole authority therein, that before a railroad can be constructed or operated all damages to abutting lands must be first ascertained and paid to the owners thereof by the person or corporation constructing said railroad.   2 Lewis's Sutherland on Statutory Construction, secs. 267, 363, 365, 367.

*R. T. Railey* and *Barbour & McDavid* for respondent.

(1)   The laying of a railroad track in a public street on grade, under municipal authority, and operating the road in the usual mode, is not a new public use for which compensation may be demanded by an abutting owner.   Such use is merely the exercise of a right which had resided in the public since the dedication of the street to public use.   Gaus & Sons v. Railroad, 113 Mo. 308; Nagel v. Railroad, 167 Mo. 98; Randle v. Railroad, 65 Mo. 325; Morie v. Transit Co., 116 Mo. App. 12; DeGeofray v. Railroad, 179 Mo. 698; Donner v. Railroad, 133 Mo. App. 527; Osborne v. Railroad, 147 U. S. 248; Arbenz v. Railroad, 5 L. R. A. 377; Railroad v. Bingham, 4 L. R. A. 626; Corby v. Railroad, 150 Mo. 468; Foundry v. Railroad, 130 Mo. App. 104; Cooper Co. v. Railroad, 230 Mo. 83; Versteeg v. Railroad, 250 Mo. 76.   (2)   The appellant's property

has not been invaded; its proprietary rights therein have not been disturbed. It has not suffered any special or peculiar damage other than that sustained by the general public, if any, and hence is not entitled to the relief sought in this action. Ruckert v. Railroad, 163 Mo. 277; Rude v. Railroad, 93 Mo. 408; Nagel v. Railroad, 167 Mo. 98; Donner v. Railroad, 133 Mo. App. 527; Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Van DeVere v. Kansas City, 107 Mo. 83; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560; Stephenson v. Railroad, 68 Mo. App. 648; Thompson & Son v. Macon, 106 Mo. App. 92; Gates v. Railroad, 111 Mo. 34; Bailey v. Culver, 84 Mo. 531; Baker v. McDaniel, 178 Mo. 447; Foundry v. Railroad, 130 Mo. App. 104; Gaus & Sons v. Railroad, 113 Mo. 308; Elliott on Railroads (2 Ed.), sec. 991. (3) The appellant had full knowledge of the respondent's intention to build this railroad; it gave a note to induce it to build it; it knew that it was being constructed and that trains were being operated on it; it knew that large sums of money had been expended and were being expended in the improvement of Phelps avenue. And with full knowledge of all these facts appellant remained silent and it cannot now maintain this action. Even if appellant was entitled to have damages assessed and paid before the railroad was constructed and operated, which we deny, yet it has waived that right and cannot now make that an issue in this case. It had a full, complete and adequate remedy at law for all damages, if any, sustained by it. Elliott on Railroads (2 Ed.), sec. 1096; Smith v. Sedalia, 244 Mo. 123; Planet Co. v. Railroad, 115 Mo. 613; Sherlock v. Railroad, 142 Mo. 186; Provolt v. Railroad, 57 Mo. 256; New York v. Pine, 185 U. S. 93; Roberts v. Railroad, 158 U. S. 1; Williams v. Railroad, 153 Mo. 519; Kanaga v. Railroad, 76 Mo. 213; Snyder v. Railroad, 112 Mo. 536; Webster v. Railroad, 116 Mo. 114; Reinhart v.

Railroad, 5 L. R. A. 185. (4) The defendant was not required to ascertain and pay appellant's alleged damages prior to the construction and operation of its railroad on Phelps avenue. Such damage, if any, is purely speculative and could not be determined before the road was constructed and operated. In this case the evidence fails to show any damage and on the trial defendant offered to prove that appellant's property had been increased in value as a result of the construction of this railroad, but was not permitted to do so on account of appellant's objection to the testimony. Art. 2, sec. 21, Constitution; Gaus & Sons v. Railroad, 113 Mo. 308; Nagel v. Railroad, 167 Mo. 89; Clements v. Insurance Co., 184 Mo. 46; Medley v. Berry, 143 Mo. App. 641; Smith v. Sedalia, 244 Mo. 124; Gates v. Railroad, 111 Mo. 33; Thompson & Son v. Macon, 106 Mo. App. 84; Provolt v. Railroad, 57 Mo. 262; Vanderburg v. Minneapolis, 6 L. R. A. (N. S.) 745; Arbens v. Railroad, 5 L. R. A. 377. (5) To grant the relief asked by appellant would entail upon the respondent a tremendous loss and would subject the general public to serious and lasting inconvenience and loss, while the benefit, if any, to be derived by the appellant, would be but trivial and insignificant, even if it were entitled to it. Under these circumstances courts of equity will not grant injunctive relief. Elliott on Railroads (2 Ed.), secs. 628, 629, 1096; Bailey v. Culver, 84 Mo. 531; Johnson v. Railroad, 227 Mo. 450; Boecker v. Railroad, 10 Mo. App. 453; Weigel v. Walsh, 45 Mo. 560; Smith v. Sedalia, 244 Mo. 123; Schaub v. Construction Co., 108 Mo. App. 122; Safe Deposit Co. v. Kennett, 101 Mo. App. 395; Tanner v. Railroad, 180 Mo. 18; Provolt v. Railroad, 57 Mo. 256; Planet Co. v. Railroad, 115 Mo. 613; Cooper Co. v. Railroad, 230 Mo. 90; Versteeg v. Railroad, 250 Mo. 76; McCarthy v. Mining Co., 164 Fed. 939; New York v. Pine, 185 U. S. 93; Skrainka v. Oertel, 14 Mo. App. 481.

WALKER, P. J.—Plaintiff, a corporation, engaged in manufacturing in Springfield, Missouri, petitioned for a mandatory injunction in the circuit court of Greene county to compel defendant, a railway corporation, to remove its tracks, switches, and crossovers from Phelps avenue in said city, opposite plaintiff's property, and that it be restrained from connecting its track thereon and perpetually enjoined from thereafter constructing and maintaining said superstructures on said avenue and from running its trains, engines and cars thereon. The grounds are that such use and occupation of said avenue by defendant prevent plaintiff from enjoying free ingress to and egress from its building located on the south side of said avenue at its intersection with Washington street.

A temporary injunction was denied in the circuit court of Greene county, whereupon plaintiff took a change of venue to the circuit court of Barton county; a trial upon the merits was there had, resulting in a finding for the defendant and an appeal therefrom by plaintiff to this court.

Phelps avenue is fifty feet wide. Long prior to the erection of plaintiff's building thereon the St. Louis & San Francisco Railroad Company, for brevity called the "Frisco," had constructed and used, and still maintains and uses, a railway track on said avenue, located eighteen or twenty feet from plaintiff's building. In addition, the said railroad company many years ago constructed and now maintains and uses another track which crosses Phelps avenue at its intersection with Washington street diagonally across said streets from plaintiff's building. This is the Frisco's main line on which it runs its passenger trains between Springfield and St. Louis. Also for many years plaintiff has maintained and now uses a spur or sidetrack from the Frisco track running along said avenue into

plaintiff's building to facilitate the handling of its shipments.

Of the proximity and use of none of these tracks does the plaintiff complain, but of defendant's track located on the north side of said avenue about thirty-five feet from plaintiff's building. This track of defendant was constructed prior to the erection of plaintiff's building under the authority of ordinances adopted by the city of Springfield and has since been maintained and used by defendant for the transfer of freight cars, except a break in said track of about thirty feet, which has heretofore not been completed, immediately north of plaintiff's building. This track is used by defendant for the transfer of freight cars, when the Frisco is not using its adjacent tracks along said avenue. The space of eighteen or twenty feet between plaintiff's building and the Frisco tracks is much below the level of the grade established by the city, except where a passage-way over same has been made by plaintiff opposite the entrance to its building—the testimony not showing why this side of the avenue has not been improved.

All of the tracks in question are standard gauge and there is, therefore, a space of four and a half feet between the rails of each particular track. Between the inside rails of the defendant's and the Frisco tracks there is a space of eight feet, and the north rail of defendant's track is about fifteen feet from the north line of said avenue. The space, therefore, unoccupied by tracks on the avenue opposite plaintiff's building is, on the north side, fifteen feet wide, and on the south side eighteen or twenty feet wide.

Since defendant constructed its track on said avenue it has at an expense of several thousand dollars built a retaining wall along the north side of same and has filled and macadamized it, bringing its level up to the grade established thereon by the city. The present physical use of said avenue has existed for more than

three years before the commencement of this suit. There is a conflict of testimony as to the extent to which the avenue is used by the general public; plaintiff's officers and employees testifying that the tracks thereon and their frequent use prevent travel, while many disinterested witnesses testify not only as to the frequency of the use of said avenue as a highway, but as to its increased use since improved and brought up to the grade.

Plaintiff's building was erected about two and one half years ago. The tracks were all on the avenue and used for like purposes as at present when the building was erected. The conditions have in no manner changed since the building was erected, except that defendant now proposes to connect the ends of its track on the north side of said avenue. To prevent this and to require defendant to remove its tracks from said avenue plaintiff asks the interposition of a court of equity.

In a long line of decisions from Lackland v. Railroad, 31 Mo. 180, to Copper & Iron Mfg. Co. v. Manufacturers' Ry. Co., 230 Mo. 59, 83, this court has held it not unlawful for a city to authorize the construction and operation of a steam railroad on a street and that such use is not a new servitude. The material question, therefore, for determination here, is whether such occupation of said avenue as has been authorized by ordinances, will constitute a monopoly in the use of same by defendant to such an extent as to impair plaintiff's rights to ingress to and egress from its building for all reasonable purposes.

Passing without comment the criticism as to the sufficiency of the abstract in view of the requirements of section 2048, Revised Statutes 1909, we have carefully reviewed the record to ascertain if it contains substantial testimony to support plaintiff's claim for relief.

Phelps avenue is not a retail or residence street. Factories, foundries and other plants, including plaintiff's, are located along same, requiring its use to a large extent, in the transfer of materials to and manufactured products from these various centers of industrial activity. The avenue, therefore, may not improperly be designated as a manufacturing street. While the practical setting apart of said avenue for the purposes designated does not limit its lawful use as a highway, it may and in justice to the public (which is entitled to be considered as well as the petitioner) it should, influence the action of a court of equity in responding to a prayer for relief made by one who, with a full knowledge of the prior and present use and occupancy of said avenue, deliberately locates thereon and rests content under existing conditions for years before making complaint.

Preliminary to a consideration of the doctrine of laches, or, to state it conversely, defendant's long continued user of said avenue, under the conditions existing at the time it erected its building thereon, it is pertinent to compare the width of the unoccupied portions of this avenue opposite said building with that of other streets in which the courts have had under consideration similar questions to the one here involved. In Versteeg v. Railroad, 250 Mo. 61, 78, a case in which a similar action was brought seeking like relief as herein, the unoccupied portion of the street between the railway tracks and the sidewalk was seven feet and six inches, and relief was not granted on account of a lack of space; and in Seibel-Suessdorf C. & Iron Mfg. Co. v. Railroad, 230 Mo. 59, 78, it was held that a railroad company would not be enjoined from laying its tracks and operating a railroad on a public street where the space between the sidewalk and the railroad company's tracks or trains when in operation, was ten feet and six inches.

The connection or completion of defendant's track on said avenue opposite plaintiff's building will not lessen the space between the outer or north rail of said track and the street line, which, as stated, is about fifteen feet.

With the fact that the portion of said avenue occupied by the Frisco tracks has not been brought up to the grade, and that a like condition exists in regard to the portion of said avenue between the Frisco tracks and plaintiff's building, we are not concerned in the determination of the question primarily involved in this case. The grade has been established, defendant has complied with the ordinances in regard thereto, and it is with its conduct alone that we are concerned, and not as to whether the city, or the Frisco, or the plaintiff, has been remiss in completing the improvement of the south side of said avenue to such an extent as to add to plaintiff's facilities for the transaction of its business.

The precedents cited afford authority for the refusal of the relief asked on the ground that the unoccupied and improved portion of said avenue on the north side of the railroad tracks is sufficient for the reasonable use of the plaintiff, provided defendant's occupancy of its tracks is not such as to impair plaintiff's rights. [Versteeg v. Railroad, 250 Mo. l. c. 78.]

There is a conflict of testimony as to whether said avenue is now used by vehicles and for general purposes as a highway, as frequently as before the construction of defendant's tracks thereon. If the evidence was clear in regard to such lessened use, to determine its materiality in this case, it must first be shown that such lessened use by the public was due to the location of the tracks thereon and to their occupancy by the railroads; second, that such occupancy so far as concerns the plaintiff, was by the defendant; and, third, that the cessation of travel on said avenue has had an injurious effect upon plaintiff's business. That

the tracks on said avenue opposite plaintiff's building were frequently used in the transfer of freight cars thereon, there is much testimony on the part of the officers and employees of the plaintiff, but it is indefinite as to whether the particular tracks used were those of the defendant or the Frisco; as to whether there is less travel on said avenue now than heretofore, the material conflict in the testimony is such as to afford no definite conclusion in reference thereto. As to the effect of said lessened travel generally, if it be admitted to exist, there is no evidence other than indefinite declarations in regard thereto by witnesses for plaintiff, and a like character of testimony is all that has been adduced in regard to any injury to plaintiff's business consequent upon the location and use of defendant's tracks upon said avenue.

No disinterested party, present patron, or prospective purchaser of plaintiff, has testified to any facts in regard to the location of said tracks and the use of same by defendant as materially affecting plaintiff's business. This is a matter of which the plaintiff of necessity had a complete and accurate knowledge, and it behooved it to submit same to the court in support of its application for relief. Failing to do so, the conclusion reasonably follows that no such fact existed.

There is, therefore, in our opinion, not sufficient evidence on which to base a prayer for relief on account of the injury done to plaintiff's business.

Plaintiff has rested content with the location and use by defendant of its track on Phelps Avenue, except the disconnected portion of about thirty feet, for more than three years before the institution of this action.

It was required to take notice of the adoption of the ordinance authorizing such use and occupation. [Boonville ex rel. v. Stephens, 238 Mo. 339, 357; Palmyra v. Morton, 25 Mo. 593, 597; 28 Cyc. 392.] That plaintiff had actual knowledge of the improvement of said avenue by defendant, and its subsequent and con-

tinuous use and occupancy of same, there is no question.

Armed with a knowledge, therefore, of the passage of the ordinances by the city, authorizing the use and occupancy of said avenue by the defendant, and of its subsequent improvement of the north side of same at great expense for that purpose, and of its continuous use and occupancy of same thereafter, plaintiff proceeded to erect its building for a distance of two hundred and thirty feet along the unimproved south side of said avenue and to wait three years before making any complaint in regard thereto, until defendant took steps to connect its track for a space of thirty feet along the north side of said avenue. Under this state of facts the equities of plaintiff's plea are not apparent. Authorities are not wanting in this jurisdiction to the effect that where one stands by and permits the construction of a railroad upon a street, and takes no step to prevent it, he will not be heard thereafter to complain, especially in the absence of evidence of substantial injury. [Versteeg v. Railroad, 250 Mo. l. c. 76.]

We are, therefore, of the opinion, especially in the absence of other compelling testimony, that plaintiff's laches in this matter are sufficient to authorize a denial of its prayer for relief.

The decree, therefore, of the trial court should be affirmed, and it is so ordered.

*Brown* and *Faris, JJ.,* concur.