# DRAINAGE DISTRICT NUMBER ONE OF BATES COUNTY, Appellant, v. BATES COUNTY.

### Division One, December 1, 1916.

1. **DRAINAGE DISTRICT:** Assessment Against County: Lien on Public Roads. Whether or not an assessment against the county for benefits to the public roads resulting from the organization of a drainage district and the reclamation of lands therein can be made a lien on such roads, is not for adjudication when the petition seeks only a general judgment against the county and does not ask for a lien or the enforcement of a lien.

2. ————: Benefit to Public Roads: General Judgment Against County. The Legislature has power to authorize a drainage district to assess benefits against the county for improvements to public roads arising out of the construction of drains and levees, and to recover a general judgment against the county for the amount of such assessment, to be paid out of the county's general revenue.

3. ————: ————: ————: Statutory Right. Assessments of benefits for a public improvement and the methods for their enforcement are purely creatures of statutes, and unless the statutes give to the municipality a right to a general judgment as a means of enforcing their payment it does not exist.

4. ————: ————: Statutes Give Right to General Judgment: Any Adequate Remedy. Sections 5589, 5591 and 5599, when read in connection with the rule that where a statute creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action that will afford him appropriate and adequate redress, give to a drainage district the right to a general judgment against the county to recover the amount of benefits assessed against the county for improvement to the public roads resulting from the construction of ditches, drains and levees. Section 5589 says that "all lands benefited by public ditch, drain, water course or levee shall be assessed," and section 5599 provides a lien against the lands for the enforcement of the assessment against lands. Section 5591 says that when any ditch or levee benefits a public road "the viewers shall apportion to the county" its proportion of the cost of the improvement, but does not give a lien on the public road, but does authorize a suit for its collection; and while section 5599 constitutes all assessments "against all parcels of land and all public roads" a lien, it does not create the obligation, but simply provides a remedy, and that part of it which seems to make assessments against the county a lien on public roads must be considered an inadvertence, because no provision is made for an assessment against the public road and no right against

the road is created by any statute. But as the statute requires the benefit to public roads to be apportioned and charged to the county, if it fails to provide an adequate remedy for the right created the drainage district may invoke any appropriate remedy to enforce the right, and the usual and proper remedy is by a general judgment against the county.

5. ————: ————: **Enforcement of Benefits to Public Roads by Lien.** The statute (Sec. 5599, R. S. 1909) does not undertake to make the benefits apportioned to the county for improvement to public roads resulting from the construction of drains and levees a lien on the roads. It really provides no remedy for the right created by section 5591.

6. ————: ————: **Suit: Limitations.** The statute (Sec. 5599, R. S. 1909) by saying that a suit for unpaid benefits due a drainage district shall be brought within six months after the tax becomes delinquent, did not mean to bar a suit begun later than six months. The suit is not barred by limitations, as to any installment, if brought within five years after such installment became delinquent.

Appeal from Bates Circuit Court.—*Hon. Charles A. Calvird,* Judge.

REVERSED AND REMANDED.

*Thos. J. Smith* and *W. T. Rutherford* for appellant.

(1) The petition is sufficient. State ex rel. v. Blair, 245 Mo. 686; State ex rel. v. Wilson, 216 Mo. 286; State ex rel. v. Angert, 127 Mo. 458. (2) An assessment may be lawfully made against a county on account of benefits accruing to the roads in the district. Laws 1905, p. 180; Sec. 5591, R. S. 1909; Wilkins v. Hillman, 1915 D. L. R. A. (Okla.) 254. (3) The taxes, or installments thereof, sued for in this case, were not barred by the Statute of Limitations. R. S. 1909, sec. 1889; R. S. 1909, sec. 11504; Turner v. Burns, 42 Mo. App. 94; Moberly ex rel. v. Hassett, 127 Mo. App. 11; State ex rel. v. Wilson, 216 Mo. 215; State ex rel. v. Wilson, 216 Mo. 303. The method of collecting delinquent taxes under the general revenue laws of the State, as set forth in article 8, chap. 117, R. S. 1909, for the year 1909, from sections 11482 to 11499, inclusive, was adopted and incorporated in article 4 of chapter 41, Revised Statutes of 1909, the article under which Drainage District No. 1 was organi-

zed and must apply in this proceeding. R. S. 1909, sec. 5600; State ex rel. v. Wilson, 216 Mo. 215; 2 Lewis's Sutherland's Stat. Const., sec. 405, p. 787, and note 27. The general Statute of Limitations must prevail unless superseded by some particular act sought to be invoked, and which takes the case out of the general statute, and then such statute so sought to be invoked will be strictly construed. Pleadwell v. Glass Co., 151 Mo. App. 62; State ex rel. v. Musick, 145 Mo. App. 33. The collector is merely a trustee for the drainage district, and is not the real party in interest. State ex rel. v. Dumphey, 216 Mo. 293. The use of the words "the collector shall bring suit for all delinquent assessments thereof and interest thereon within six months after the assessment or installment thereof becomes delinquent," in Sec. 5599, R. S. 1909, merely prescribes the official duty of the collector, and does not limit the time in which the action may be brought. The power to sue in six months is conferred. State ex rel. v. Wilson, 216 Mo. 215; R. S. 1909, sec. 5599; State ex rel. Black v. Taylor, 208 Mo. 452; R. S. 1909, sec. 11491; Words & Phrases Judicially Defined, p. 6468; Chickamanning Township v. Carpenter, 106 U. S. 663; State ex rel. v. Ringo, 42 Mo. App. 115. If to construe the word "shall" as mandatory is to work hardship or irreparable mischief, then it should be construed as being directory only. Words & Phrases Judicially Defined, p. 6468; City Sewage Utilization Co. v. Davis, 8 Phila. 625, 627; State ex rel. v. Taylor 208 Mo. 442; Holmes v. Royal Loan Assn., 128 Mo. App. 329.

*Dewitt C. Chastain* for respondent.

(1) The statute does not provide for a general judgment against the county but fixes a specific manner in which to enforce assessments under this act. Secs. 5591, 5599, 5600, R. S. 1909. (2) The public roads are not subject to sale under execution. State ex rel. v. Tiedeman, 69 Mo. 306; Clinton v. Henry County, 115 Mo. 557; Meriweather v. Garrett, 102 U. S. 472; 17 Cyc. 978. These authorities clearly demonstrate that property held in a

governmental capacity, such as public roads, cannot be sold as it would be against the public policy; and that being true, the plaintiff is not entitled to a judgment in enforcing the tax bill, set out in its petition. (3) The Legislature having provided a means of enforcing this assessment, the remedy provided is exclusive. Carondalet v. Picot, 3 Mo. 125; State ex rel. v. Snyder, 139 Mo. 549; Phelps v. Brumhack, 107 Mo. App. 25; State ex rel. v. Trust Co., 209 Mo. 493; Clinton v. Henry County, 115 Mo. 557; Chandler v. Railroad, 251 Mo. 600; Stanton v. Thompson, 234 Mo. 11; State ex rel. v. Goodnow, 80 Mo. 271; Board of Comrs. v. Furnay, 99 N. W. (Neb.) 271; United States v. Jourden, 193 Fed. 988; City v. Madison County, 52 So. (Ala.) 326; Board of Freeholders v. Township, 54 Atl. (N. J.) 458. The respondents position is that a new right being created by this statute and the statute having expressly provided the manner for the collection of this tax that that method is exclusive. Sec. 5599, R. S. 1909. If it be contended that the remedy for the collection of this tax is inadequate, still the intention of the Legislature being clear to create no other liability, the court cannot construe the statute against the plain terms thereof, nor judicially legislate a remedy not provided or intended by the Legislature. City v. Whipple, 71 Mo. 522; Cooley on Taxation, 198; Grimes v. Reynolds, 184 Mo. 688; State ex rel. v. Wilder, 206 Mo. 549; Nauman v. Drainage District, 113 Mo. App. 575. These taxing laws are to be strictly construed. Sutherland on Statutory Construction, sec. 362; State ex rel. v. St. Louis County, 13 Mo. App. 53, 84 Mo. 234; State ex rel. v. Macon County, 56 Mo. 126; State ex rel. v. Railroad, 87 Mo. 236; Noll v. Morgan, 82 Mo. App. 112. If the remedy is inadequate appeal should be to the Legislature, since this court has no authority to create a further remedy. Faribault v. Misener, 20 Minn. 396; McLean County v. Bank, 81 Ky. 254; Baldwin v. Hewett, 11 S. W. (Ky.) 803. (4) The liability, here created, is not a debt, upon which an ordinary action will lie. City v. Picot, 38 Mo. 130; City v.

269 Mo.—6

Brown, 98 Mo. App. 108; State ex rel. v. Snyder, 139 Mo. 553; Lane County v. Oregon, 74 U. S. 101; 37 Cyc. 1240. (5) A part, at least, of these taxes are barred by limitation. Section 5599 provides that the taxes shall become delinquent, if not paid on or before December 31 of each year and provides that the collector shall bring suit within six months after an assessment becomes delinquent. This suit was brought September 1, 1914; so that in any event the taxes for 1908 are barred and if the provision requiring the bringing of the suit within six months is to be followed, then all of the taxes are barred.

GRAVES, P. J.—In the brief here the plaintiff (appellant) very fairly outlines the case, thus:

"This is a suit by Drainage District No. 1 of Bates County against said county to recover certain installments of benefits assessed against said county for benefits accruing to the public roads of the county within the district.

"The district was organized under what is commonly known as the 'County Court Law,' now article 4, chapter 41, Revised Statutes 1909, and amendments thereto. The proceedings were had in the county court of said county and the order of incorporation was made on February 7, 1906. Viewers and an engineer were duly appointed to determine the character and location of the improvements necessary to reclaim the lands in said district and assess the benefits that would thereby accrue to the lands and public roads therein and report thereon to the county court. A report was duly made by the viewers and engineer and afterwards confirmed by the county court, whereby benefits accruing to the county were assessed in the sum of $8993 to pay for executing the plan of reclamation.

"Bonds were issued in the sum of $540,000 to pay the expenses of making the necessary improvements.

"The assessments against the lands in the district and Bates County were by order of the court made payable in fifteen annual installments bearing interest at the rate of six per cent per annum.

"Afterwards said district was re-organized under what is commonly known as the circuit court law, section 52, Laws 1913, page 263. These installments of benefits if not paid on or before the last day of December of each year become delinquent and draw one per cent interest monthly.

"Bates County has refused to pay the assessments for the years 1908 to 1913, both inclusive.

"To appellant's petition respondent filed a general demurrer which the court sustained. Appellant refused to plead further and its petition was ordered dismissed and appellant appealed."

It should be added, in order that things be made plain, the petition seeks to recover a general judgment against the county, and does not seek to enforce a lien against the public roads involved. The prayer of the petition, which is as comprehensive as the petition, reads:

"WHEREFORE, The premises considered, the plaintiff prays judgment against the defendant, Bates County, for the aggregate amount of said assessments, with interest thereon from the respective dates when they became due and payable at the rate of one per cent per month, and for plaintiff's costs in this behalf expended."

We make this clear, because it simplifies issues, and eliminates a disputed question in this court. [Construction Co. v. Railroad, 240 Mo. 650, l. c. 656.] Points raised will be noted in the opinion.

I. It is said in defendant's brief that "the public roads are not subject to sale under execution," and for that reason the plaintiff is not entitled to a judgment enforcing the tax bill pleaded in the petition. This question, if it were in the case, would be an interesting one, because this court, when the question was last before us, was much divided. [Construction Co. v. Railroad, 240 Mo. 650, 656.] Personally I adhere to the views expressed in the dissent in that case. That dissent is opposed to the views expressed in Construction Co. v. Wabash Railroad Co., 206 Mo. l. c. 188, cited by appellant.

*Lien on Public Roads.*

In other words, I am of the view that public policy precludes a judgment to enforce a lien against a segment of a public highway or a railroad. But that question is not really in this case. The petition in this case does not seek such a judgment but on the contrary seeks a general judgment against the county. Plaintiff does not ask for a lien or the enforcement of a lien. Under the instant petition the only question is whether or not the plaintiff is entitled to a general judgment against the county for these assessments made for conceived benefits to the public roads of the county.

II. Nor need we stop to debate the question as to whether or not the Legislature may authorize the collection of these special assessments by a general judgment payable out of the general revenue of the county. Such assessments are not taxes in the general acceptation of that term, nor in the legal acceptation of that term. They are in fact and in law assessments made for benefits received by the property by reason of a public improvement. Much public property is exempted from ordinary taxes, but this does not argue much here. In our judgment the Legislature could say that public property may be benefited by public improvements, and could further say that for such benefits an assessment should be made, and the municipality be made to respond by a general judgment to be paid out of funds in the general treasury. BLACK, P. J., in City of Clinton ex rel. v. Henry County, 115 Mo. l. c. 570, so concedes. In that case, he, after reviewing our case law, and after holding that special assessments, under our law, can only be collected by enforcing the lien against the property, adds:

"According to these adjudications, proceedings to enforce special tax bills are in the nature of proceedings *in rem,* and compulsory payment of the judgment can only be by a sale of the assessed property. As public property like that here in question cannot be sold on general or special execution, and as the Legislature has provided no other remedy than that of enforcement of the lien, it is quite evident that the statute in question does not apply

*General Judgment Against County for Public Improvement.*

to or include property owned by a county and used for governmental purposes.

"It is true the cases last cited were all suits against private property owners; *and as it is within the power of the Legislature to make property devoted to public uses liable for local assessments, and as it is contrary to public policy to permit public property to be sold, we may and do concede that the Legislature can provide for the payment of local assessments against public property out of the general treasury.*"

That case was a carefully considered one, and whilst the suit, unlike the one at bar, did not seek a general judgment, yet the language used states the good sense of the thing and in our judgment is the law.

The only and vital question in the case at bar is whether or not the Legislature as to these assessments against a county has provided a right and a remedy in favor of the drainage district, which will authorize a general judgment, against the county, and one enforceable by general execution or other legal means, excluding, of course, the enforcement of a lien against the public roads. Of that question next.

III. A further proposition urged is not troublesome. In appellant's brief, it is said:

"Whenever the statute or organic law creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action which will afford him adequate and appropriate means of address."

The foregoing is the generally accepted doctrine. The question in this case is, what right has been created by the Legislature. Assessments of benefits and their methods of enforcement are purely creatures of statutes. So whilst cases from other States may enlighten us as to the construction to be given to our own statutes, when such cases have arisen under similar statutes, yet primarily we must seek the right for a general judgment for such assessment from the terms of our own statutes. If these give no such right, then we cannot read it into them. If the Legislature has failed to give the right, we cannot give it, for our duties

*Statutes Control Right to Judgment.*

are judicial, and not legislative. We are again driven to the question, what right has the Legislature given these drainage districts to collect special assessments by a general judgment?

IV. Upon the question of the statutory right counsel for appellant cite us to section 5591, Revised Statutes 1909, which reads:

"When any ditch established under the provisions of this article drains, either in whole or in part, or benefits any public or corporate road or railroad, the viewers shall *apportion to the county,* if a county or state or free turnpike road, or if a corporation road or railroad, to the company owning, operating or controlling the same, *the same proportion of the cost of location and construction of the improvements* in proportion to the benefits received as to private individuals."

Statutes Give Right to General Judgment.

On the other hand counsel for respondent cite us to section 5599, Revised Statutes 1909, the applicable portion of which reads:

"The assessment as made by the viewers and confirmed by the court, against all lots and parcels of land and all public or corporate roads and railroads benefited by the ditch . . . shall from the date of such confirmation of the report of the engineer and viewers, until paid, constitute a lien, . . . and shall be collected in the same manner as state, county and school taxes upon real estate are collected, and when collected the tax shall be by the collector paid over to the county treasurer monthly. The said tax shall become delinquent if not paid on or before the thirty-first day of December of each year and when so delinquent, shall bear interest at the rate of one per cent per month until paid and the collector shall bring suit for all delinquent assessments or installments thereof and interest thereon within six months after an assessment or installment thereof becomes delinquent."

We will for the purpose of discussion add to the foregoing the applicable portion of section 5589, Revised Statutes 1909, which reads:

''*All lands* benefited by public ditch, drain, water course or levee, *shall be assessed,* in proportion to the benefits for the construction thereof, whether the improvement passes through said land or not, and the viewers, in estimating the benefits to land not traversed by such ditch, shall not consider what benefits will be received after some other ditch or ditches shall be constructed, but only the benefits that will be received by the construction of the public ditch, as it affords an outlet for the drainage of such land.''

The italics in all the foregoing are ours.

Going to section 5591, supra, it must be noted that the benefits, so far as a public road is concerned, are not assessed against the public road, but are to be apportioned to the county. Going back to section 5589, supra, as to the lands benefited, the benefits are to be assessed against the lands, for the statutes say that ''all lands benefited . . . shall be assessed,'' etc. In this there is a clear distinction between lands benefited and public roads benefited. In the one instance the obligation is placed upon the lands by an assessment against the lands and not apportioned to the owner of the lands. In the case of a public road the obligation is not assessed against the public road, but such obligation is, by law apportioned to the county. In the one instance the right to be enforced is against the land and not the owner, whilst in the other the right to be enforced is against the county and not the public road. Thus far the legislative intent would appear to be plain. And we will add that it remains plain, except in so far as it may be muddied by the expressions in section 5599, supra.

But we are inclined to the view that even this section 5599 does not muddy the waters. This section does not create the obligation, but it provides a means for the enforcement of the obligation. In other words it creates no right but simply provides a remedy. As to lands it properly creates an enforceable lien, because the benefits have been assessed against the lands, and not apportioned to the owners. The real obligations are created by sections

5591 and 5589, supra, in the one against the county and in the other against the land.

It is true that this statute as to the remedy covers public roads as well as lands, but that does not change the fact that it is a statute dealing purely with remedies and not rights. In other words, it does not create any obligations, but simply gives a means of enforcing the rights theretofore created. And it should be here added that the right or obligations theretofore created are rights in favor of the drainage district, and as to lands, rights against the lands and not the owners of the lands, but as to public roads there is no right in the drainage district against the public road, for the statute apportions the benefits to public roads to the county, and does not assess the public road at all. The right created in favor of the drainage district, so far as public roads are concerned, is one against the county, and not against the public roads. This we have held the Legislature might do. [City of Clinton ex rel. v. Henry County, supra.]

Now whilst section 5599, supra, in providing a means to enforce the right of a drainage district against lands, also mentions public roads, such mention is evidently one of inadvertence, because no right as against the public road is created by any statute, but the only right is the one created against the county. As suggested in a previous portion of this opinion, the writer is of opinion that public policy would condemn a statute that authorized the establishment of a lien upon a public road for any purpose. But we need not pass upon that matter, because the right given to the drainage district is an obligation against the county, and not an assessment or obligation against the public road, as such. There could be no lien established against the public road, because the statute does not authorize the assessment to be against the public road. In this the two sections (Secs. 5589 and 5591) which create the rights are totally different. The first section, supra (5589), directs the assessment to be made against the lands for the benefits accruing to the lands, while the second section, supra (5591), directs that the benefits found as to public roads be apportioned to the county. In

the one the right and proceeding is purely *in rem,* whilst in the other it is not. Without an assessment against the public road no lien could or should be established. If therefore the Legislature has failed to provide an adequate remedy for the right created, as we think is true, the drainage district may invoke any proper remedy to enforce its right. The general rule is truly stated in 1 Cyc. 706 thus:

"Where a new right or duty is created by statute, but no remedy is pointed out, the principle of the law that there can be no wrong without a remedy has application, and one entitled to the benefit of the statutory provisions may resort to any existing remedy that will afford him adequate and proper redress."

This rule is so universally announced that citation of authority is not required. In the case at bar the statute (Sec. 5591) authorizes the benefits accruing to public roads to be charged to the county. There is no adequate remedy provided, and the usual remedy would be an action, as here, against the county. The statute does not authorize the benefits to be charged against the public road, but on the contrary to the county. The Legislature in providing the remedy as to lands evidently overlooked this fact, and inadvertently included public roads, but this inadvertence does not establish an adequate remedy, nor does it destroy the right created by section 5591.

As stated before we must be guided by our own statutes, and under them we conclude that there is a liability against the county in favor of the drainage district for benefits found so far as public roads are concerned, and further that this action is properly brought for a general judgment against the county.

V. Going a step further it should be said that there is no real foundation for saying that the Legislature undertook to provide that benefits to a public road should be enforced by a lien as the payment of taxes are enforced. In that somewhat loosely drawn section (5599) we find this language:

Enforcement of Benefits to Public Road by Lien.

"The assessment as made by the viewers and confirmed by the court, against all lots and parcels of land, and all public or corporate roads and railroads, benefited by the ditch or other improvement, and interest on the amount of all such assessments, at a rate, not exceeding six per cent per annum, to be fixed by the county court at the time of its confirmation of the report of the engineer and viewers, or within three months thereafter, together with all costs of collecting delinquent assessments or any installments thereof, including a reasonable attorney's fee, to be fixed by the court and taxed as costs in the action brought to enforce a delinquent assessment or installment thereof, *shall from the date of such confirmation of the report of the engineer and viewers, until paid, constitute a lien,* to which only the lien of the State for state, county, school and road taxes shall be paramount, *upon all of the lands assessed,* and shall be collected, in the same manner as state, county and school taxes upon real estate are collected.''

The italics are ours.

It is evident the word "assessment" in the first line of this statute is used in a very broad sense, but when the law-makers got down to the real creation of a lien and a means of enforcing it they made it a lien "upon all the lands assessed" and did not undertake to make the benefits apportioned to the county for public roads a lien at all.

It might be further suggested that the same reasoning would likewise exclude the idea that any remedy was intended by this section as to the collection of the benefits apportioned to the county for public roads. The only lien created therein is as against the "lands assessed" and the following section 5600, tells just how the liens created by section 5599 shall be enforced. Reading the two together, as we must, we fail to find that there is in section 5599 a remedy provided for the enforcement of the right created by section 5591, supra.

VI. Nor should the demurrer have been sustained because the assessments sued for were barred by the Stat-

ute of Limitations.  The general rule in this State is that **Limitations.** the statute does not begin to run until the tax has become delinquent under the law. [State ex rel. v. Wilson, 216 Mo. 291.]  These assessments apportioned to Bates County would become delinquent on December 31st, each year.  The statute reads:

"The said tax shall become delinquent if not paid on or before the thirty-first day of December of each year, and when so delinquent shall bear interest at the rate of one per cent per month until paid, and the collector shall bring suit for all delinquent assessments or installments thereof, and interest thereon, within six months after an assessment or intallment thereof becomes delinquent."

It is urged because this portion of section 5599, above quoted, says the collector shall bring suit within six months, that therefore the action is barred after that time. The words should not be so construed.  The statute does not say the action shall be barred.  Had the law-makers intended so harsh a thing, they would have been more pointed in their language.  It is evident that there was no intent to bar the action at the end of six months.  It is more in the way of a direction to the collector, than it is a statute of limitation.  With this point out of the way, we have not considered whether or not one or more installments may not be barred, because the demurrer is general and goes to the whole petition, and as to most of the items there is no bar, under our five-year Statute of Limitations.  It is suggested that a least one item is barred, and if that is so, and the matter is properly raised, it can be eliminated on the trial.  The judgment *nisi* is reversed and the cause remanded.

*Blair, J.,* concurs; *Bond, J.,* concurs in result; *Woodson, J.,* not sitting.