THE JENNINGS SEWER DISTRICT OF ST. LOUIS COUNTY, MISSOURI, A PUBLIC CORPORATION, WALTER R. MAYNE, LIQUIDATOR, APPELLANT, v. NORMAN B. PITCAIRN AND FRANK C. NICODEMUS, JR., RECEIVERS FOR WABASH RAILWAY COMPANY, A CORPORATION, AND WABASH RAILROAD COMPANY, RESPONDENTS.—187 S. W. (2d) 750.

St. Louis Court of Appeals.   Opinion filed May 15, 1945.

*T. Douglas Moore* for appellants.

*Fordyce, White, Mayne, Williams & Hartman* of counsel.

706

*A. E. L. Gardner* for respondents.

McCULLEN, J.—This action was brought by plaintiff sewer district to enforce a lien for sewer taxes levied on the 29th of October, 1929, against the land described in plaintiff's petition herein. The tax was levied pursuant to the provisions of an Act of the Legislature, Laws of Missouri 1927, page 439 et seq., commonly known as the "Ralph Sewer Law." The action was originally instituted by the plaintiff sewer district through William H. Tegethoff, Liquidator thereof, against Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers for Wabash Railway Company, a corporation. Plaintiff's petition was filed on December 30, 1939. Also named in said petition as defendants were eight banks and trust companies which were the holders of bonds or other liens against the property of the Wabash

Railway Company. On April 16, 1940, the defendant receivers for the Wabash Railway Company filed a separate demurrer, stating as grounds therefor that it was apparent on the face of plaintiff's petition that there was a defect of parties defendant in that the Wabash Railway Company, a corporation, the owner of the lands described in said petition, was not made a party defendant, as required by law. On April 26, 1940, by leave of court, plaintiff amended its petition by adding "Wabash Railway Company, a corporation," as party defendant in the caption and body of the petition. On September 16, 1940, the Sheriff of the City of St. Louis returned the writ of summons that had been issued for the defendant Wabash Railway Company, a corporation, stating thereon that after due and diligent search said defendant could not be found in the City of St. Louis. On November 8, 1940, the separate demurrer of the receivers Pitcairn and Nocodemus, Jr., was overruled by the court. On September 21, 1943, by leave of court, Wabash Railroad Company, a corporation, voluntarily entered its appearance as a defendant in the cause and filed an answer. On July 15, 1944, said defendant filed an amended answer to plaintiff's petition wherein it alleged that it had become the real party in interest in the subject-matter of the suit for the reason that it became the successor of the Wabash Railway Company by purchasing all the property, both real and personal, of the Wabash Railway Company, a corporation, by deed executed and delivered by the Special Master appointed by the Federal Court for the Eastern Division of the Eastern District of Missouri, dated December 1, 1941, pursuant to a decree of said Federal Court in the receivership suit pending therein in the case of Chase National Bank of the City of New York as Trustee, plaintiff, vs. Wabash Railway Company et al., defendants. Said defendant Wabash Railroad Company further stated in its answer that it was the owner and in possession of the real estate described in plaintiff's petition and that the cause of action stated in said petition accrued more than five years next before Wabash Railway Company, predecessor of said defendant Wabash Railroad Company, was made a party defendant, and that said cause of action was barred as to said defendant by the Statute of Limitations (Section 11165, R. S. Mo. 1939, Mo. R. S. A., Sec. 11165), and by the provisions of Section 20, Laws of Missouri 1927, page 439. Further answering, said defendant Wabash Railroad Company denied each and every allegation of plaintiff's petition.

The cause was tried before the court on July 18, 1944, upon an agreed statement of facts, and on September 18, 1944, the court entered the following judgment:

"Cause dismissed for failure to prosecute as to all defendants except defendants Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers for Wabash Railway Company, a corporation, and Wabash Railroad Company. Finding and judgment against the plaintiff and

in favor of defendants Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers for Wabash Railway Company, and Wabash Railroad Company at the cost of plaintiff.''

Thereafter, Walter R. Mayne, successor liquidator on behalf of plaintiff sewer district, duly appealed.

The agreed statement of facts upon which the case was tried and submitted states that:

''It is agreed by the parties above named that the following facts shall be taken as evidence in the above entitled cause, and that this case shall be submitted on these facts and no other, subject to the objection on the part of either party hereto for relevancy, competency and materiality, to-wit:''

The agreed statement of facts then sets forth that this suit was instituted by plaintiff on the 30th day of December, 1939, in the Circuit Court of St. Louis County, Missouri; that plaintiff sewer district is and was at all times mentioned in plaintiff's petition a public corporation of St. Louis County, Missouri, duly organized and existing under the laws of Missouri relating to sewer districts; that William H. Tegethoff was the duly appointed, qualified and acting Liquidator of said district; that the defendants Norman B. Pitcairn and Frank C. Nicodemus, Jr., were at the time of the filing of plaintiff's petition the duly appointed and acting receivers for Wabash Railway Company, a corporation, having been theretofore duly appointed as such by the Federal Court for the Eastern Division of the Eastern District of Missouri; that defendant Wabash Railway Company at the time of the filing of plaintiff's petition was a corporation duly organized as such and at said time was the owner and operator of a railroad system throughout the United States, and that the other defendant corporations described in plaintiff's petition were organized as such as alleged by plaintiff; that on October 29, 1929, the then Board of Commissioners of said sewer district duly levied a uniform tax of ten cents per square of one hundred square feet upon all of the lands and other property within such district, including the tracts of land described in plaintiff's petition, which said tracts of land formed a part of the railway system of the Wabash Railway Company, and of which land said Wabash Railway Company was owner; that said uniform tax was levied and assessed by said Liquidator against all the lands in said district, including said lands owned by said Wabash Railway Company, for the purpose of paying expenses incurred prior to the appointment of said Liquidator and organizing said district and making surveys of same, and in assessing benefits and damages, and to pay other necessary expenses including cost of liquidation; that thereafter said Liquidator did cause said sewerage taxes to be duly certified to and delivered in the hands of the Recorder of Deeds of St. Louis County, Missouri, and filed in his office, as required by law, in the amounts set forth in plaintiff's petition; that

on August 29, 1934, the said Liquidator did cause said tax levy on all of said lands and other property in said district, including the said lands owned by said Wabash Railway Company, to be duly certified by the Liquidator and filed in the office of the Collector of Revenue of St. Louis County, Missouri, in the form of a well bound book endorsed and designated "Sewer Tax Book, Jennings Sewer District of St. Louis County, Missouri, uniform tax for preliminary expenses, for the year 1931"; that said levy and assessment of said taxes and said certification thereof were made for the year 1931; that the same became delinquent on the first day of January, 1932, and remained unpaid; that said lands have not been redeemed of the lien of said tax levy.

The agreed statement of facts further recites that plaintiff prayed judgment in the sum of $656.10, together with penalties in the sum of $370.70, and costs, and that the judgment should describe the lands upon which said taxes are found to be due and state the amount of taxes and penalties, attorneys' fees and costs found to be due upon each tract in plaintiff's petition described for the year 1934, and that said taxes, penalties, attorneys' fees and costs may be declared to be a first and prior lien in favor of plaintiff sewer district; that on April 26, 1940, on application of plaintiff, the Wabash Railway Company, a corporation, was made a party defendant, and plaintiff's petition was amended accordingly by interlineation; that on September 21, 1943, the Wabash Railroad Company, a corporation, by leave of court, voluntarily entered its appearance and filed its answer as a defendant in this cause; that said Wabash Railroad Company became the successor of Wabash Railway Company by acquiring all of the property, both real and personal, of Wabash Railway Company, by deed made, executed and delivered to Wabash Railroad Company by the Special Master appointed by the Federal Court for the Eastern Division of the Eastern District of Missouri, dated December 1, 1941, pursuant to a decree of said Federal Court in the receivership suit pending in said court in the cause of Chase National Bank of the City of New York, Trustee, plaintiff, v. Wabash Railway Company et al., defendants, and in constituent causes in equity in suit numbered 12,099. The agreed statement of facts concluded with a statement that "all files and court records in this cause, in so far as they are competent, relevant and material to the issues, may be considered in evidence."

It will be noted that defendant Wabash Railroad Company in its amended answer pleaded Section 20 of the Laws of Missouri 1927, page 439, which is a part of the law commonly known as the "Ralph Sewer Law." The "Ralph Sewer Law," *supra*, which in the revision of 1929 became Sections 11031 to and including 11071, comprising all of Chapter 65, Revised Statutes Missouri, 1929, was repealed in 1931 with a saving clause relating to the payment of outstanding costs, obligations and liabilities. [See Laws of Missouri, 1931, page

355.] Section 20, *supra*, of said "Ralph Sewer Law" provided that suits for delinquent taxes levied under said law may be filed within six months after the date of their delinquency. It is sufficient to say on this point that it has been definitely decided that said Section 20 is directory only. In State ex rel. Jones et al. v. Nolte et al., 350 Mo. 271, 165 S. W. (2d) 632, the Supreme Court, referring to Section 20, *supra*, said:

"Provisions almost identical with the one here involved are contained in a number of other tax laws and we have held that they are directory and not mandatory. They are not statutes of limitations and may not be so construed. [Drainage District No. 1 v. Bates County, 269 Mo. 78, 189 S. W. 1176.]" [State ex rel. Jones et al. v. Nolte et al., 350 Mo. 271, 285, 286, 165 S. W. (2d) 632, 638.]

We come now to determine whether or not plaintiff's cause of action was barred by the provisions of Section 11165, Revised Statutes Missouri, 1939 (Mo. R. S. A., sec. 11165), which provides:

"No proceedings for the sale of land and lots for delinquent taxes under the provisions of chapter 74, Revised Statutes of Missouri, 1939, relating to the collection of delinquent and back taxes and providing for foreclosure sale and redemption of land and lots therefor, shall be valid unless initial proceedings therefor shall be commenced within five (5) years after delinquency of such taxes."

The agreed statement of facts states that the taxes involved "became delinquent on the first day of January, 1932, and remained unpaid."

Plaintiff in its reply brief points out that the date in the above quoted statement in the agreed statement of facts is a mistake, and says that the date should be the first day of "January, 1935."

Plaintiff also sets forth in its said brief *ex parte* letters, written by its counsel to opposing counsel, in an effort to prove that the date "January 1, 1932" is a mistake and should be "January, 1935."

We agree with plaintiff that decisions of courts should not be based upon palpable mistakes with respect to dates, particularly where the Statute of Limitations is being invoked. Nevertheless, as an appellate court we cannot properly take as proof of the dates mentioned the *ex parte* statements in plaintiff's petition, as plaintiff urges in its reply brief. Defendants' general denial puts the dates mentioned in the petition in issue. As to the dates in the *ex parte* letters of plaintiff's counsel, set forth in plaintiff's reply brief, they are not in accord with the dates set forth in the agreed statement of facts. The agreed statement of facts, signed by the parties and filed in the cause, and upon which the cause was tried and submitted, is a solemn judicial admission by all parties of the truth of the facts therein stated. An appellate court is not at liberty to base its decision on *ex parte* statements as to facts made for the first time in a reply brief in the appellate court, especially where, as here, the *ex parte* statements are in conflict with the facts stated in the stipulation signed by the parties and

reciting that "this case shall be submitted on these facts and no other." However, it is not necessary for us to base our decision in this case on a mistake as to the date when the tax involved herein became delinquent, because we think it is clear that even if we take the date January 1, 1935, as the date on which the taxes became delinquent, as contended by plaintiff, it still appears that the Wabash Railway Company, the owner of the land in question, as shown by the agreed statement of facts, was not made a party defendant until April 26, 1940, which was five years three months and twenty-six days after the tax became delinquent on January 1, 1935.

It is true that the suit was originally filed on December 30, 1939, but it was then filed only against Norman B. Pitcairn and Frank C. Nocodemus, Jr., as receivers for the Wabash Railway Company. The Wabash Railway Company itself was not made a party defendant to the suit until April 26, 1940, which, as shown above, was more than five years after the taxes became delinquent. Plaintiff itself in its brief states that a suit for sewer taxes must be brought against "the owner of the property, if known, and if not known then against the last owner of record," and correctly cites Laws of Missouri 1931, p. 355, Section 11051, Revised Statutes Missouri, 1929, and Section 11187, Revised Statutes Missouri, 1939, in support thereof. The statutes last cited were in force at the different periods involved herein and all contain the above quoted provision.

Both sides in this case agree that a judgment for taxes on real estate, either general or special benefit taxes, is a judgment *in rem* against the land alone and is not a personal judgment against the owner thereof. It is, therefore, unnecessary to discuss the cases cited by both parties which so hold.

Plaintiff contends that because the suit was originally filed on December 30, 1939, against the receivers for the Wabash Railway Company, it was begun within the five year period of limitation, and that since the Wabash Railway Company, a corporation, against whom the taxes involved were levied and assessed, was in the hands of the receivers at the time of the levy and assessment on August 29, 1934, said receivers were proper parties defendant and were the only parties defendant that could be named.

Plaintiff asserts in its brief that the defendant receivers were appointed by the Federal Court "on the request of a creditor and their purpose was to dissolve the Wabash Railway Company so that its debts could be paid." The above quoted statement is not supported by anything in the record. There is nothing in the record to show the nature of the receivership or the extent of the authority of the receivers. Furthermore, there is nothing to show that the receivers of the Wabash Railway Company, either at the time of the levying of the tax or at the time of the bringing of this suit, were the owners of the land in question. On the contrary, the agreed statement of

facts shows that the Wabash Railway Company, a corporation, was the owner of the land in question on October 29, 1929, when the tax was levied by plaintiff sewer district, and that it was the owner thereof on August 29, 1934, when the Liquidator ''did cause said tax levy on all said lands and other property in said district, *including the said lands owned by the said Wabash Railway Company, a corporation.*'' (Emphasis ours.)

Plaintiff's contention herein that the receivers were the only parties defendant that could be named is based upon the theory that the receivership had the effect of extinguishing the legal existence of the Wabash Railway Company, a corporation, and plaintiff argues that this court will take judicial notice of such extinguishment. We are unable to agree with plaintiff's theory. The receivership did not have the effect of dissolving the Wabash Railway Company as a corporation, nor did it have the effect of taking the title to the land in question out of the Wabash Railway Company, the corporate entity, and transferring it to the receivers in the absence of an express order to that effect by the Federal Court. There is no evidence whatsoever of any such order by the Federal Court at any time. On the contrary, as we have heretofore pointed out, there is no showing at all concerning the extent of the authority of the receivers.

We are also of the opinion that plaintiff is in error in asserting that the Wabash Railway Company had no right to act in its own name after the appointment of the receivers because, as plaintiff says, ''in this suit it was possible for the plaintiff to run an execution and order the property sold for taxes.'' The point thus made, although plaintiff did not state it fully in the above quoted language, is that this is the kind of a case in which, if there were no receivership, it would be possible ''for plaintiff to run an execution and order the property sold for taxes,'' but that since the corporation was in the hands of receivers no execution could be run against the property, and therefore the receivers were the only parties that could properly be made defendants. It is true that no execution could be run against the property, nor could the state court take any other action that would interfere with the receivers' possession in carrying out the orders of the Federal Court. However, the mere existence of the receivership would not prevent the state court from rendering judgment establishing the lien against the land in question for the taxes and certifying it to the Federal Court if the receivership were then still in force.

In Heath v. M. K. & T. Ry. Co., 83 Mo. 617, 621, our Supreme Court said:

''The fact that the property and most of the franchises of defendant were held in custody by a court of equity for the purpose of enforcing satisfaction of specific claims against them, does not work a dissolution of the defendant as a corporation, or a cessation of its franchises.

*The corporate existence of defendant continues, although its dominion over its road and property may be in a state of suspension* until they shall be returned to it by the court taking them in charge. . . . *There is nothing, therefore, impossible or illegal in a suit against the defendant, notwithstanding the receivership.''* (Emphasis ours.)

It is true that the court in the Heath case, *supra,* was referring to an action *in personam,* but in that connection it was referring to the fact that no license from the court that appointed the receiver was necessary as a condition precedent to the bringing of such an action against the corporation, and said with reference thereto:

"No judgment thus obtained could be satisfied from its property in the hands of a receiver, except through the administering assistance of the court appointing him. After its property is returned to its custody by the court taking charge of it, such judgment could be enforced against it, in the usual way, on final process." [Heath v. M. K. & T. Ry. Co., *supra,* l. c. 621.]

In 53 C. J., sec. 119, p. 96, the general rule concerning the authority of a receiver with respect to the title or estate in the property involved is stated as follows:

"An ordinary receiver, appointed under the general powers of the court, does not by the mere fact of his appointment become vested with any title or estate in the property involved, he being a mere custodian thereof for the court, and for the benefit of the party ultimately proved to be entitled."

In Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 236, (34 L. Ed. 341, 346), the United States Supreme Court said:

"A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, *but not to change the title, or even the right of possession, in the property.* [Skip v. Harwood, 3 Atk. 564; Anon. 2 Atk. 15; Wiswall v. Sampson, 14 How. 52, 65; Ellis v. Boston, Hartford & Erie Railroad, 107 Mass. 1, 28; Maynard v. Bond, 67 Mo. 315; Herman v. Fisher, 11 Mo. App. 275, 281." (Emphasis ours.)

In Bank of Bether v. Pahquioque Bank, 81 U. S. 383, 400 (20 L. Ed. l. c. 844), the United States Supreme Court said:

"Beyond doubt the appointment of a receiver supersedes the power of the directors to exercise the incidental powers necessary to carry on the business of banking, as the receiver is required to take possession of the books, records, and assets of every description of the association, and from that moment the association is forbidden to pay out any of its notes, discount any notes or bills, or otherwise prosecute the business of banking, *but the corporate franchise of the association is not dis-*

*solved, and the association, as a legal entity, continues to ·exist . . .''* (Emphasis ours.)

Our own Supreme Court, in passing on the question of the service of a writ of sommons on a corporation then in the hands of a receiver, under what' is now Section 887, Revised Statutes Missouri, 1939 (Mo. R. S. A., sec. 887), said:

''We have reached the conclusion that the delivery of the writ to Receiver Sadler as chief officer of the company was not a compliance with the statute. As receiver, Mr. Sadler had charge of the property, as an officer of the court. In contemplation of the statute he was not the chief officer of the company. On the other hand, we have reached the conclusion that the service of the writ upon W. D. Faulkner, last vice-president of the company, is a substantial compliance with the statute.'' [Youree v. Home Town Mutual Insurance Co., 180 Mo. 153, 166, 79 S. W. 175, 179.]

The court, quoting from Section 6666, Thompson on Corporations, went on to say that:

'' 'Neither the insolvency of a corporation nor the circumstances which usually attend an insolvency, such as the appointment of a receiver, works a dissolution of the corporation, so as to disable it from exercising its corporate powers and using its corporate ·name for the purpose of protecting the rights of those beneficially interested in its assets and business.' '' [Youree v. Home Town Mutual Insurance Co., 180 Mo. l. c. 167, 79 S. W. l. c. 179.]

In the case at bar the Wabash Railway Company, the corporate entity, was the owner of the property in question according to the agreed statement of facts. Said corporation was not made a party defendant to the suit until more than five years after the cause of action arose, when the tax became delinquent. It is, therefore, our duty to hold, and we so hold, that the cause of action was barred by the Statute of Limitations, Section 11165, *supra.*

Both parties agree in their briefs that the only issue involved in this appeal is whether or not plaintiff's cause of action was barred by the Statute of Limitations, *supra.* Hence, it is unnecessary to discuss incidental or collateral points.

The judgment of the Circuit Court is affirmed. *Hughes, P. J.,* and *Anderson, J.,* concur.